■ SAM YOUNG CHUNG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), entered March 28, 1990, as, upon a jury verdict finding the plaintiff 5% at fault in the happening of the accident and the defendant 95% at fault in the happening of the accident, and finding that the plaintiff had suffered damages in the principal sum of $61,226,600, and upon an order dated January 9, 1990, granting the defendant's motion to set aside the verdict to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to the entry of a judgment in the principal sum of $4,750,000, representing $5,000,000 in damages reduced by 5% attributable to the plaintiff's fault, and upon the stipulation of the plaintiff to so reduce the verdict, is in favor of the plaintiff and against it in the principal sum of $4,750,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $2,785,600 and to reduce the damages payable by the New York City Transit Authority to $2,646,320, which represents its proportionate share of those damages, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's legs were severed by a New York City Transit Authority subway train after he fell from a station platform. After a jury trial which found the defendant 95% at fault in the happening of the accident, the jury assessed the plaintiff's damages at $61,226,000. The trial court granted the defendant's motion to set aside the verdict, *inter alia,* to the

extent of directing a new trial limited to the issue of damages, unless the plaintiff stipulated to a reduction of the verdict to the sum of $5,000,000, of which $3,445,000 was for pain and suffering. The plaintiff so stipulated.

The trial court erred in reducing the award for future housekeeping expenses to $120,000. That award, we conclude, should be $400,000. We affirm the reduction by the trial court of the damages set for future medical expenses to $500,000. The plaintiff concedes that the trial court erred in increasing the amount awarded for future lost wages from $150,000 to $500,000, and that the award should be reduced to $150,000, the amount awarded by the jury. The award for future and past pain and suffering, as reduced by the trial court, was excessive to the extent that it exceeded $1,300,000, for which we assign $400,000 for past pain and suffering and $900,000 for future pain and suffering (see, Grcic v City of New York, 139 AD2d 621; CPLR 5501 [c]). Together with the stipulated $313,000 in past medical expenses, $85,000 in past loss of wages and $37,600 in future transportation expenses, the total damages should be $2,785,600, 95% of which is $2,646,320. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.