■ SAM YOUNG CHUNG, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [624 NYS2d 222] —In an action to recover damages for personal injuries, the defendant appeals from so much of a resettled and amended judgment of the Supreme Court, Kings County (Dowd, J.), entered February 23, 1993, as, upon a prior jury verdict finding the plaintiff 5% at fault in the happening of the accident and the defendant 95% at fault in the happening of the accident, and upon a subsequent jury verdict awarding the plaintiff damages for past pain and suffering in the sum of $2,700,000, and upon an order dated November 30, 1992, granting the defendant's motion to set aside the verdict for past pain and suffering to the extent of directing a new trial on the issue of damages for past pain and suffering unless the plaintiff stipulated to the reduction of that award from $2,700,000 to $1,500,000, and upon the stipulation of the plaintiff to so reduce the verdict, is in favor of the plaintiff and against it in the principal sum of $1,500,000.

Ordered that the resettled and amended judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages for past pain and suffering only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $1,500,000 to the sum of

$600,000, and, the net award of damages for past pain and suffering from $1,425,000 to $570,000 ($600,000 less 5%, representing his share of the fault) and to the entry of an amended judgment in the principal sum of $570,000 accordingly. In the event, that the plaintiff so stipulates, then the resettled and amended judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff suffered severe physical injuries, most notably the amputation of both of his legs, after he fell from a Brooklyn subway platform and was struck by a train. After a first trial and appeal (see, Sam Young Chung v New York City Tr. Auth., 183 AD2d 741), all items of the plaintiff's damages were settled except for the amount to be recovered for past pain and suffering. A second trial was held on the issue of damages for past pain and suffering only, which resulted in a jury verdict of $2,700,000. Upon the defendant's motion to set aside the verdict as excessive, the court ordered a new trial on this issue unless the plaintiff stipulated to a reduction of damages for past pain and suffering to $1,500,000. Upon the plaintiff's stipulation to the reduced verdict an amended and resettled judgment was settled.

Upon the prior appeal of this action, we reduced the plaintiff's recovery for pain and suffering to $1,300,000, assigning $400,000 thereof to past pain and suffering (Sam Young Chung v New York City Tr. Auth., supra, at 742). The defendant now contends that the trial court erred insofar as it sustained an award of damages for past pain and suffering in excess of $400,000. We disagree. The evidence adduced at the second trial was not identical to that adduced at the first trial. It included, inter alia, graphic evidence of the pain endured by the plaintiff both at the time of the accident as well as during the rehabilitation process. Moreover, the defendant stipulated that the verdict for past pain and suffering would cover the period "from the date of the accident to the date of the new verdict". Therefore, in accordance with that stipulation, the jury properly heard, and based its award upon, evidence of pain and suffering lasting over a greater period of time than existed at the time of the first trial. Accordingly, the $400,000 figure recited on the prior appeal was not a ceiling above which past pain and suffering damages could not rise. Indeed, to accept the defendant's contention would obviate the point of permitting the plaintiff to retry the issue of his past pain and suffering damages altogether. However, upon consideration of all of the evidence adduced at the second trial, we find that the jury's award of $1,500,000 was excessive (see, CPLR

5501 [c]) and that an award of $600,000 for past pain and suffering would constitute reasonable compensation (see, Cranston v Oxford Resources Corp., 173 AD2d 757; Venable v New York City Tr. Auth., 165 AD2d 871).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.