■ MARIE O. RODRIGUEZ, Respondent, v STATE OF NEW YORK, Appellant. [634 NYS2d 93] —Judgment, Court of Claims, New York County (Albert Blinder, J.), entered on or about August 18, 1994, *inter alia*, awarding claimant damages in the principal amount of $3,500,000, consisting of $1,500,000 for past pain and suffering, $500,000 for future pain and suffering, and $1,500,000 for the permanent loss of both legs, unanimously modified, on the facts, and the matter remanded for a new trial on the issue of damages and otherwise affirmed, without costs or disbursements, unless, within 20 days after service of a copy of this order, claimant stipulates to the entry of an amended judgment reducing the principal amounts of the award for past pain and suffering to $1,250,000, for future pain and suffering to $500,000, and for loss of both legs to $1,250,000, in which event the judgment, as so amended, is unanimously affirmed, without costs.

Claimant is not collaterally estopped on the issue of damages by the award of damages that was made by the jury and reduced upon claimant's stipulation in a prior action that claimant brought in Supreme Court against non-State defendants. There is no indication that the reversal of that judgment by the Court of Appeals was limited to the single issue of causation discussed in the Court's decision (*Rivera v New York City Health & Hosps. Corp.*, 72 NY2d 1021), and the second jury verdict in Supreme Court, which was against claimant on the issue of liability, never even reached the issue of damages. Accordingly, the issue of damages was not " 'actually * * * determined' " in the prior action (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456; *see, Chung v New York City Tr. Auth.*, 213 AD2d 619). However, we view the award as excessive to the extent indicated (*cf., supra*). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.

■ T.S.F. ASSOCIATES CORP., Respondent, v MORRIS HEIGHTS ASSOCIATION et al., Appellants. [635 NYS2d 466] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered July 18, 1995, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing plaintiff's cause of action based for specific performance, unanimously affirmed, without costs.

We agree with the IAS Court that the issues of fact found to exist on defendants' prior motion for summary judgment (210 AD2d 102) are not removed by defendants' scheduling of a closing for a date earlier than that provided in the contract. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.