■ Naomi Free, Respondent, v Nassau Queens Medical
Group, P. C., et al., Appellants, et al., Defendant. [662 NYS2d
577] —In an action, *inter alia,* to recover damages for medical
malpractice, the defendants Nassau Queens Medical Group,
P. C., and Dusan Kalicanin appeal from a judgment of the
Supreme Court, Queens County (Leviss, J.H.O.), dated June
25, 1996, which, upon a jury verdict awarding damages in the
amount of $500,000 for past pain and suffering, $119,000 for
past lost earnings, $200,000 for future pain and suffering, and
$100,000 for future lost earnings, is in favor of the plaintiff
and against them.

Ordered that the judgment is modified, on the facts and as
an exercise of discretion, by deleting the first, second, fifth,
sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth
decretal paragraphs thereof and substituting therefor a provi-
sion granting a new trial on the issue of damages only, except
as to damages for future pain and suffering; as so modified, the
judgment is affirmed, with costs to the appellants, unless
within 20 days after service upon the plaintiff of a copy of this
decision and order, with notice of entry, the plaintiff shall serve
and file in the office of the Clerk of the Supreme Court, Queens
County, a written stipulation consenting to reduce the verdict
as to damages for (a) past pain and suffering from the principal
sum of $500,000 to the principal sum of $300,000, (b) past lost
earnings from the principal sum of $119,000 to the principal
sum of $114,750, and (c) future lost earnings from the principal
sum of $100,000 to the principal sum of $73,100, and to the
entry of an amended judgment accordingly; in the event that
the plaintiff so stipulates, then the judgment, as so reduced
and amended, is affirmed, without costs or disbursements.

The plaintiff underwent surgical amputation of her left leg
below the knee, due to the defendant internist's malpractice in
treating a diabetic foot ulcer. Upon consideration of all of the
evidence adduced at trial, including the proof establishing that
the plaintiff did not experience conscious pain and suffering
during the amputation, and the very specific and limited evi-
dence of the plaintiff's past and future lost earnings, the award
of $500,000 for past pain and suffering, $119,000 for past lost
earnings and $100,000 for future lost earnings deviates materi-
ally from what would be reasonable compensation (*see,* CPLR
5501 [c]). An award of $300,000 for past pain and suffering,
$114,750 for past lost earnings and $73,100 for future lost
earnings would constitute reasonable compensation (*cf., Chung
v New York City Tr. Auth.,* 213 AD2d 619).

We have reviewed the appellants' remaining contentions and find them to be without merit. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.