■ Francois D. Jeune et al., Appellants-Respondents, v O.T. Trans Mix Corp. et al., Respondents-Appellants. [763 NYS2d 842] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal, on the ground of inadequacy, from an amended judgment of the Supreme Court, Kings County (Lewis, J.), dated May 13, 2002, which, upon the granting of their motion for a directed verdict on the issue of liability, upon a jury verdict on the issue of damages in their favor and against the defendant O.T. Trans Mix Corp. in the sums of only $75,000 for past pain and suffering, $10,000 for loss of services, and $0 for wrongful death, and upon denying their motion pursuant to CPLR 4404 (a) to set aside the damages verdict as inadequate, is in favor of them and against the defendant O.T. Trans Mix Corp. in the principal sum of only $85,000, and the defendants cross-appeal, as limited by their brief, from so much of the same amended judgment as, upon granting the plaintiffs' motion for a directed verdict on the issue of liability, is in favor of the plaintiffs and against them.

Ordered that the amended judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion for a directed verdict on the issue of liability is denied, that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside so much of the damages verdict as was in their favor and against the defendant O.T. Trans Mix Corp. in the amount of $75,000 for past pain and suffering is granted, and a new trial on the issue of liability and damages for past pain and suffering is granted; the jury's findings as to damages for loss of services and wrongful death are affirmed.

The plaintiffs' decedent, a pedestrian, was hit by a truck driven by the defendant Jerome Smith (hereinafter the driver) and owned by the defendant O.T. Trans Mix Corp. As a result of the accident, the decedent's left leg was amputated below the knee. The decedent later died, allegedly as a result of the injuries sustained in the accident. The plaintiffs subsequently commenced this action, inter alia, to recover damages for wrongful death and loss of services.

The Supreme Court improperly granted the plaintiffs' motion at the start of trial for a directed verdict on the issue of liability. In 1989 the Supreme Court issued a preclusion order which prevented the driver from testifying at the trial unless he appeared for an examination before trial. When he failed to

comply with the demand, the order became absolute (*see Weitzenberg v Nassau County Dept. of Recreation & Parks*, 282 AD2d 741 [2001]). Subsequently, the driver died. At the start of the trial, the Supreme Court granted the plaintiffs' motion to strike the defendants' answer and for a directed verdict on the issue of liability, reasoning that the driver's refusal to appear for the depositions prevented the plaintiffs from establishing liability. We reverse.

While the purpose of a preclusion order is to make the demanding party whole (*see Northway Eng'g v Felix Indus.*, 77 NY2d 332 [1991]), whatever disadvantage the plaintiffs sustained as a result of the driver's failure to appear for an examination before trial was cured when the Supreme Court effectively prohibited the defendants from offering any evidence at trial. To further grant the plaintiffs' motion for a directed verdict on the issue of liability gave the plaintiffs more relief than was warranted (*see Northway Eng'g v Felix Indus., supra*).

The jury determination that the decedent's death was not causally related to the accident was not against the weight of the evidence (*see e.g. Nicastro v Park*, 113 AD2d 129 [1985]). However, the damages awarded for past pain and suffering were inadequate in that they deviated materially from what would be reasonable compensation for the plaintiff's injuries (*see Free v Nassau Queens Med. Group*, 242 AD2d 668 [1997]; *Chung v New York City Tr. Auth.*, 213 AD2d 619 [1995]). Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.