■ FRANCOIS D. JEUNE et al., Appellants, v O.T. TRANS MIX CORP. et al., Respondents. [815 NYS2d 182]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 5, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

By decision and order dated August 25, 2003 this Court reversed a judgment of the Supreme Court which, upon granting the plaintiffs' motion for judgment as a matter of law on the issue of liability, and upon a jury verdict awarding damages to the plaintiffs, was in favor of the plaintiffs and against the defendants (*see Jeune v O.T. Trans Mix Corp.*, 307 AD2d 1027 [2003]). Accordingly, this Court granted a new trial on the issues of liability and damages for past pain and suffering.

At the time of the trial, the defendants' time to move for summary judgment had expired (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]). This Court's decision and order dated August 25, 2003 did not constitute an extension of the time in which to make a motion for summary judgment (*see* CPLR 3212 [a]).

In any event, even if we were to reach the merits, we would deny the defendants' motion for summary judgment. The plaintiff, a pedestrian, allegedly was struck by a truck owned by the defendant corporation necessitating the amputation of a leg. In this context, the defendants' proof, consisting solely of an attorney's affirmation suggesting that the plaintiffs' case on liability may not be capable of proof, was conclusory and speculative. As such, it was insufficient to meet the defendants' initial burden on a motion for summary judgment (*see Stahl v Stralberg*, 287 AD2d 613 [2001]; *Rentz v Modell*, 262 AD2d 545 [1999]). The record is devoid of any proof by a person possessed of knowledge which would establish either the absence of any possible negligence of the moving defendants or placing total responsibility for the incident on the deceased plaintiff. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.