# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1167**
**CA 15-00386**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

JAMES SPACHT AND MELODY SPACHT,
PLAINTIFFS-APPELLANTS,

                    V                                        MEMORANDUM AND ORDER

COUNTY OF CHAUTAUQUA, DEFENDANT-RESPONDENT.

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HARRY J. FORREST OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, A.J.), entered October 2, 2014. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by James Spacht (plaintiff) when he slipped and fell on snow and ice in a parking lot located on property owned by defendant. Defendant leased the premises to plaintiffs, who operated a bakery and café there. We agree with plaintiffs that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Defendant contended in support of its motion that it had no duty to maintain the property where plaintiff fell, but defendant failed to meet its initial burden with respect to that contention (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Here, the provisions of the lease specifically required defendant to "provide snow plowing and shoveling services for [plaintiffs], to be completed by 8:00 a.m. Monday through Friday, and as needed on weekends" (*see Santerre v Golub Corp.*, 11 AD3d 945, 946; *see also Coyle v Gerritsen Ave. Shopping Ctr.*, 176 AD2d 232, 232). Defendant also contended in support of its motion that its failure to clear snow from the premises was not a proximate cause of plaintiff's fall, but defendant failed to meet its initial burden with respect to that contention as well, inasmuch as "conclusory [and speculative] assertions are insufficient to demonstrate the absence of any material issues of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063; *see Jeune v O.T. Trans Mix Corp.*, 29 AD3d 635, 636). Here, there is no dispute that defendant failed to clear any snow from the premises on the date

of the accident and, in its moving papers, defendant relies on pure speculation to conclude that it would not have been able to clear snow in between vehicles in the parking lot where plaintiff fell.  Finally, we note that defendant improperly contended for the first time in its reply papers that it did not create the alleged dangerous condition or have actual or constructive notice of it, and those contentions therefore were not properly before the court (*see Azzopardi v American Blower Corp.*, 192 AD2d 453, 454; *see also DiPizio v DiPizio*, 81 AD3d 1369, 1370).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court