Harold J. Hughes, J.
By order signed December 12, 1975, this court awarded plaintiff a partial summary judgment against defendants Nat Kagan Meat & Poultry, Inc., Nat Kagan and Sam Kagan in the sum of $122,704.41, plus inter *816 est and costs. Actions against other named defendants who had not been served with process were severed.
The defendants against whom the judgment was rendered have applied for an order permitting the filing of an undertaking to stay the enforcement of the judgment pending appeal (CPLR 5519, subd [a], par 2) executed by natural persons who are not domiciled within the State. Plaintiff opposes the motion on three grounds: (1) the proposed sureties, being nonresidents, are not qualified (CPLR 2502, subd [a], par 2); (2) the proposed sureties are not the sole owners of the real property offered as security (CPLR 2503, subd [b], par 1); and (3) the market value of the real property offered as security, over and above all encumbrances, liens and unpaid taxes, is insufficient to protect plaintiff (CPLR 2503, subd [a]).
This application is premature, since judicial approval of an undertaking is no longer required (1 Carmody-Wait 2d, NY Practice, § 6:11). The statute contemplates that the issues presented be raised by notice of exception to the sufficiency of the surety (CPLR 2506) or by motion for new or additional security (CPLR 2508). To avoid unnecessary delay, the court will consider the issues raised.
Plaintiff’s first objection is that the proposed sureties, who reside without the State, are not qualified to act as sureties. Defendants would meet this objection by consenting to the imposition of a condition that the sureties designate an agent for service under CPLR 318.
CPLR 2502 (subd [a]) provides in part: "Unless the court orders otherwise, surety shall be: * * *
"2. a natural person * * * who * * * is domiciled within the state”.
The requirement that individual sureties be domiciled here was intended to insure that they could be served if an action against them became necessary (3 NY Std Civ Prac Serv, Advisory Committe Notes, § 2502). Since the designation by the surety of an agent for service would accomplish the same result (CPLR 308, subd 3), a waiver of that statutory requirement upon such condition would be warranted.
However, plaintiff’s second objection to the proposed undertaking cannot be obviated so easily. CPLR 2503 (subd [a]) provides that, unless the court orders otherwise, all undertakings in excess of $1,000 upon which natural persons are surety shall be secured by real property, a deposit of cash, or govern *817 ment bonds. If real property is given as security, it must be located in this State and be worth the amount specified in the undertaking exclusive of all encumbrances. Subdivision (b) contains a requirement that the surety or sureties be the sole owner or owners of the real property offered as security.
The moving papers show that the proposed sureties are not the sole owners of the real property offered for security. On the contrary, they own it jointly with the corporate defendant, which cannot be its own surety (Alex v Grande, 29 AD2d 616).
The court may not, and should not, waive the requirement that the sureties be the sole owners of the real property offered for security, for otherwise such security would be wholly illusory and there would be no adequate provision to insure the financial responsibility of the sureties. No facts have been shown to warrant a waiver of security.
Having determined that the security is insufficient by reason of the fact that the proposed sureties are not the sole owners thereof, it is not necessary to reach plaintiff’s other objection thereto.
The motion shall be denied, without costs.