■ ESTHER THOMAS et al., Appellants, v QUEENS TRANSIT CORPORATION et al., Defendants, and RAMP MAINTENANCE CORPORATION, Respondent.—In a negligence action to recover damages for personal injuries plaintiffs appeal from (1) an order of the Supreme Court, Queens County, dated June 16, 1976, which denied their motion, made pursuant to CPLR 3126, to strike the answer of defendant Ramp Maintenance Corporation for its failure to appear at an examination before trial and (2) a further order of the same court, dated August 4, 1976, which denied their motion for reargument. Appeal from the order dated August 4, 1976 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated June 16, 1976, reversed, without costs or disbursements, and motion granted, unless defendant Ramp Maintenance Corporation, through a knowledgeable officer, appears for an examination before trial and produces corporate records regarding (a) cars owned by it on the date of the accident and (b) personnel employed by it on that date. The examination shall be held 20 days after entry of the order to be made hereon at the time and place that the examination of January 22, 1975 was held, or at such other

time and place as the parties may agree. If Ramp Maintenance Corporation submits to the examination, then order dated June 16, 1976, affirmed, without costs or disbursements. On January 3, 1972 plaintiffs-appellants were passengers in a bus owned by the Queens Transit Corporation. This bus was "cut off" by a car driven by defendant Latonie and allegedly owned by defendant-respondent Ramp Maintenance Corporation. Plaintiffs suffered injuries as a result of the incident. At the commencement of this action, counsel for respondent asserted that it never owned the taxi in question and had ceased to employ Latonie six months before the accident occurred. On January 22, 1975, at an examination held in the Queens County, Courthouse, the parties stipulated that the examination would be rescheduled to a date within 30 days therefrom, so that an officer of respondent could appear with the appropriate records. The rescheduled examination was never held. On May 21, 1976 plaintiffs moved to strike the answer of respondent for its willful refusal to appear at the rescheduled examination. The papers submitted are insufficient to permit a determination that defendant Latonie is now within the control of respondent (see CPLR 3126; *Ludden v Erie Lackawanna Ry. Co.,* 38 AD2d 783). Therefore, respondent cannot be penalized for his nonappearance. However, CPLR 3101 entitles plaintiffs to put respondent to its proof as to its ownership of the vehicle and employment of the driver on the date of the accident. Plaintiffs have the right to examine a knowledgeable officer of respondent and to examine its employment and vehicle records pertaining to the date in question. If said examination gives some basis for the conclusion that defendant Latonie is under the control of respondent, plaintiffs may move to compel it to produce Latonie. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.