■ MICHAEL GUTENPLAN et al., Infants, by Their Parent and Natural Guardian, PAUL GUTENPLAN, et al., Respondents, v ELAINE DAUMAN, Appellant, et al., Defendants.—In an action to recover damages for personal injuries and injury to property, the defendant Elaine Dauman appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated April 6, 1988, which denied her motion for summary judgment based on a failure to comply with a conditional order of preclusion, on the condition that the plaintiffs' attorney pay $750 to her as a sanction.

Ordered that the order is affirmed, with costs.

By an order dated September 14, 1987, the appellant was granted an order of preclusion unless the plaintiffs served their bill of particulars within 45 days after the service upon them of a copy of that order. A copy of that order was served

on the plaintiffs' attorney on September 18, 1987. About six months later, in March 1988, the appellant moved for summary judgment dismissing the complaint on the ground that the plaintiffs had failed to comply with the conditional order of preclusion.

In order to excuse their failure to timely comply with a conditional order of preclusion, the plaintiffs were required to demonstrate a reasonable excuse for the delay and the existence of a meritorious cause of action (see, Smith v Lefrak Org., 96 AD2d 859, affd 60 NY2d 828). The excuse proffered by the plaintiffs for the delay was one of law office failure which the court was allowed to take into consideration in the exercise of "its discretion in the interest of justice" (CPLR 2005; Raphael v Cohen, 111 AD2d 155). Moreover, the affidavit of the plaintiff Paul Gutenplan, as well as the verified bill of particulars, demonstrated the existence of a meritorious cause of action.

Accordingly, under the circumstances of this case, including the fact that the delay was not extreme, that there was no intent to abandon the action, and that there was no prejudice suffered by the appellant, it cannot be said that the Supreme Court, Nassau County, improperly exercised its discretion in excusing the plaintiffs' late bill of particulars (see, Higgins v Community Hosp., 135 AD2d 607; Paoli v Sullcraft Mfg. Co., 104 AD2d 333). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.