■ SANTO D'AGOSTINO, Appellant, v VICTOR CHERSEVANI et al., Respondents. [628 NYS2d 370] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated October 8, 1993, which denied his motion to vacate an order of preclusion entered upon his default in opposing the defendants' motion therefor, and (2) an order of the same court, dated March 28, 1994, which denied his cross motion for reargument, and granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order dated October 8, 1993, is affirmed; and it is further,

Ordered that the appeal from that portion of the order dated March 28, 1994, which denied the plaintiff's cross motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that that portion of the order dated March 28, 1994, which granted the defendants' motions for summary judgment dismissing the complaint is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

In its October 8, 1993, order the Supreme Court denied the

plaintiff's motion to vacate an order of preclusion entered upon his default in opposing the defendants' motion for the order of preclusion. The Supreme Court found that the proffered excuse of law office failure was insufficient. We discern no improvident exercise of discretion in the Supreme Court's rejection of this excuse (see, Putney v Pearlman, 203 AD2d 333).

In its March 28, 1994, order the Supreme Court granted the defendants' motions for summary judgment based on the prior preclusion order which was issued as a result of the plaintiff's failure to timely respond to the defendants' demands for bills of particulars. Since the information requested in the defendants' demands for bills of particulars related to every aspect of the plaintiff's complaint, the preclusion order effectively prevented the plaintiff from establishing a prima facie case. Accordingly, summary judgment dismissing the complaint was proper (see, Tuffo v Red Coach Realty, 129 AD2d 966; Gass v Gass, 101 AD2d 849).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.