■ JOSEPH DiPIETRO et al., Respondents, v BENJAMIN DUHL et al., Defendants, and PHOENIX COMBUSTION Co., Appellant. [643 NYS2d 166] —In an action to recover damages for personal injuries, etc., the defendant Phoenix Combustion Co. appeals from so much of an order of the Supreme Court, Kings County (Feinberg, J.), dated April 21, 1995, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Phoenix Combustion Co. for summary judgment is granted, the complaint insofar as asserted against Phoenix Combustion Co. is dismissed, and the action against the remaining defendants is severed.

By order dated October 11, 1994, the Supreme Court granted a 45-day conditional order precluding the plaintiffs from offering evidence at trial as to the information sought in the bill of particulars, and certain discovery items previously demanded by the defendant Phoenix Combustion Co. (hereinafter Phoenix), unless the plaintiffs served their bill of particulars and responded to the remaining discovery notices within the 45-day time period. When the plaintiffs failed to timely respond,

Phoenix moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiffs were precluded by the prior order from proving their case against it. In response, the plaintiffs' counsel submitted an affirmation alleging essentially excusable law office failure. That affirmation did not include any facts based upon the affiant's personal knowledge which demonstrated that the plaintiffs had a meritorious case. The plaintiffs' counsel also served the bill of particulars, as well as the discovery items previously demanded by Phoenix. These documents also failed to show the existence of a meritorious case. After oral argument, the Supreme Court denied Phoenix's motion for summary judgment, sanctioned the plaintiffs' counsel $250, and set the matter down for a preliminary conference. We find that it was an abuse of discretion for the court to have denied Phoenix's motion for summary judgment and therefore reverse.

The plaintiffs defaulted and failed to serve their bill of particulars and responses to Phoenix's discovery demands within the 45-day time limit set in the October 11, 1994, conditional preclusion order. The order therefore became absolute, precluding the plaintiffs from proving their case (*see, Bock v Schiowitz,* 168 AD2d 593). In order to be relieved of that default, the plaintiffs needed to show both a reasonable excuse as well as a meritorious cause of action. In the matter at bar, while the plaintiffs may have shown a reasonable excuse for their failure to timely comply with the October 11, 1994, order, they failed to demonstrate a meritorious cause of action. Since the plaintiffs were therefore precluded from proving their case against Phoenix, it was an abuse of discretion to have denied Phoenix's motion for summary judgment (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Murdock v Center for Special Surgery,* 199 AD2d 482; *Becerril v Skate Way Roller Rink,* 184 AD2d 365; *cf., Knapek v MV Southwest Cape,* 110 AD2d 928). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.