■ MICHAEL LUDWIGSEN, Appellant, v AMERICAN TRANSPORT LINES, INC., et al., Respondents. [662 NYS2d 271] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 1, 1995, which, *inter alia,* granted the defendants' separate motions for summary judgment unless a nonparty witness was produced for examination before trial on or before December 1, 1995, and denied his motion for an order of arrest, and (2) a judgment of the same court, dated March 5, 1996, which was entered on the order and is in favor of the defendants dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the portions of the order granting the defendants' separate motions for summary judgment are vacated, those motions are denied, the complaint is reinstated, and the order dated November 1,1995, is amended accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that intermediate order have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The record does not support the conclusion that the nonparty witness, Walter Killian, was under the plaintiff's control. Accordingly, the Supreme Court improvidently exercised its discretion when it precluded the plaintiff from relying upon the affidavit of the nonparty witness in opposing the defendants' separate motions for summary judgment (*see,* CPLR 3126 [2]; *Thomas v Queens Tr. Corp.,* 59 AD2d 620). Rosenblatt, J. P., Pizzuto and Luciano, JJ., concur.

Altman, J., concurs in the following memorandum: I agree with my colleagues' conclusion that the judgment dismissing the complaint should be reversed, but for different reasons.

This negligence action was commenced in 1991. In 1993 the defendants' motions for summary judgment dismissing the complaint were granted. Thereafter, the plaintiff was granted leave to renew, and based solely on the affidavit of a newly-discovered nonparty witness, the prior order was vacated and summary judgment was denied. After the witness failed to appear on numerous occasions for his examination before trial, the defendants sought an order precluding him from testifying at trial, and renewed their motions for summary judgment, since the only evidence of negligence in this case had been provided by the nonparty witness's affidavit. The plaintiff cross-moved for an order directing the arrest of the witness in order to compel his appearance for an examination before trial. The court granted a conditional order of preclusion and the witness again failed to appear to be examined. The plaintiff then moved by order to show cause to renew and reargue his prior application for an "order of arrest" pursuant to CPLR 2308, and to stay the defendants from entering judgment in accordance with the conditional order of preclusion. The court denied the motion, and judgment was entered in favor of the defendants.

As found by the Supreme Court and conceded by the plaintiff, the defendants were entitled to conduct an examination before trial of the nonparty witness, since he had information which they needed to prepare for trial (*see,* CPLR 3101 [a] [4]; *Desai v Blue Shield,* 128 AD2d 1021). The witness refused to honor subpoenas which had been issued to compel his attendance at an examination before trial. CPLR 2308 (a) authorizes a court to issue a warrant directing the sheriff to bring into court a

witness who has failed to comply with a judicial subpoena. Under the circumstances, the court should have granted the plaintiff's motion and issued such a warrant, to give the plaintiff one final opportunity to preserve his case.

If that procedure had been followed and proved to be unsuccessful in obtaining the examination before trial, then the issuance of an order precluding the witness from testifying at trial and granting summary judgment would have been appropriate. The plaintiff's only possibility of proving his case is through the testimony of this witness, who is concededly not under his control. The defendants have a right to discovery in order to prepare for trial and would be prejudiced if the witness was first produced at trial. Moreover, the plaintiff has not explained how he proposes to secure the witness's testimony at trial when he has been unable to procure his examination before trial. It would be fruitless to require the defendants to incur the additional expense of preparing for trial when there is no reasonable possibility that the plaintiff would be able to prove his case and, under the circumstances, the defendants would be entitled to summary judgment.