■ CHIKE ANAMDI, Appellant, v IKE ANUGO, Respondent. [687 NYS2d 675] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Roberto, J.), dated May 15, 1997, which granted the defendant's motion to vacate a default in appearing for trial, vacated a prior order of the same court granting enforcement of a judgment of the same court against the defendant in the principal sum of $33,000 entered October 21, 1994, upon that default, and stayed enforcement of that judgment upon condition that the defendant post an undertaking, (2) an order of the same court (Ain, J.), dated June 10, 1997, which denied his motion for summary judgment, (3) stated portions of an order of the same court (Roberto, J.), dated September 3, 1997, which, *inter alia,* granted the defendant's motion to vacate the default in posting an undertaking upon a determination that the posted undertaking was adequate, granted the defendant's motion for a continued stay of enforcement of the judgment, and denied his motion, among other things, to amend the judgment, (4) an order of the same court (Roberto, J.), dated October 31, 1997, which, in effect, denied his motion pursuant to CPLR 4404 to set aside a jury verdict, and (5) a judgment of the same court, dated March 20, 1998, which, upon a jury verdict, is in his favor and against the defendant in only the principal sum of $11,746.71. The notice of appeal from a decision of the same court dated October 7, 1997, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, the defendant's motion to be relieved of his default in posting an undertaking is denied, and the judgment dated October 21, 1994, in favor of the plaintiff in the

principal sum of $33,000, entered on the defendant's default in appearing for trial, is reinstated, and the orders are amended accordingly; and it is further,

Ordered that the plaintiff is awarded two bills of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeals from the orders are brought up for review and have been considered on the appeal from the judgment dated March 20, 1998 (CPLR 5501 [a] [1]).

We agree with the plaintiff that the judgment entered October 21, 1994, upon the defendant's default in appearing for trial, must be reinstated. By order dated August 30, 1995, the defendant's motion to vacate his default was granted. He was permitted to answer, and the judgment was to stand as security during the pendency of the action. On November 25, 1996, the defendant again failed to appear for trial and the court lifted the stay of enforcement of the judgment entered October 21, 1994. By order dated May 15, 1997, the defendant's default in appearing on November 25, 1996, was vacated, but the court conditioned the vacatur upon his posting an undertaking in the amount of $35,000 "within 25 days of service of a copy of [the] order on his attorney" to secure the judgment. The order dated May 15, 1997, further provided that "[i]f defendant fails to give the undertaking as directed, [then the] defendant's motion to restore and for the other relief requested is denied in its entirety, this Court's order of November 25, 1996 is reinstated, the matter is stricken from the trial calendar and, the plaintiff may enforce the judgment as he sees fit" (emphasis in original).

The order which required the posting of an undertaking, was served on the defendant's attorney on May 20, 1997. The defendant had to post the undertaking within 25 days thereafter, i.e., on or before June 14, 1997. Since June 14, 1997, was a Saturday, the defendant should have posted the undertaking on or before Monday, June 16, 1997. However, the defendant did not post an undertaking until June 19, 1997. The plaintiff then moved, in effect, to reinstate and enforce the judgment, and to challenge the sufficiency of the undertaking pursuant to CPLR 2506. By order dated July 24, 1997, the court found that although the late posting of the undertaking was excuseable, the undertaking itself failed to comply with the requirements of CPLR article 25. Noting that the order dated May 15, 1997, was self-executing, the court determined that the plaintiff was

entitled to enforce the judgment. Thereafter the defendant moved, *inter alia*, to stay enforcement of the judgment and to rescind or amend the requirement that an undertaking be posted. The defendant claimed that he resided in Nigeria and was outside the United States within the period required for the timely filing of the undertaking. The defendant's attorney also claimed that the defendant resided in a remote village in Nigeria, and that communication with him posed significant difficulty. However, in opposition, the plaintiff submitted proof in the form of subpoenaed records from a hotel, the Holiday Inn—Westbury, which showed that the defendant was at that hotel in Nassau County between May 21, 1997, and May 31, 1997. As noted, the order which required the posting of the undertaking was served on the defendant's attorney on May 20, 1997. Nevertheless, by order dated September 3, 1997, the court again vacated the defendant's default, determined that an undertaking posted by the defendant had been properly posted, and the matter eventually proceeded to a trial at which the plaintiff was awarded $11,746.71.

Contrary to the Supreme Court's determination, the undertaking was not timely posted, and additionally, the plaintiff's exception to the sufficiency of the surety was well taken. While the purported surety swore in his affidavit that he was the sole owner of the property mentioned in the undertaking, it was conceded by the defendant's attorney that the property was, in fact, owned by the purported surety and his wife, as tenants by the entirety. The wife, however, was not a surety and did not execute any affidavit. Moreover, the property which was allegedly the security for the undertaking was in foreclosure. Although the purported surety claimed that the property had a market value of $250,000 and that the value of his equity therein, over and above all encumbrances, liens, and unpaid taxes was $66,000, he failed to set forth the total amount of the liens, unpaid taxes, and other encumbrances against the property (*see,* CPLR 2503 [b] [3]). Thus, not only did the defendant fail to provide a reasonable excuse for his failure to timely post an undertaking, but the purported undertaking was insufficient (*see,* CPLR 2502 [a] [2]; 2503; *see, Ellenville Natl. Bank v Kagan Meat & Poultry,* 84 Misc 2d 815). On this record, therefore, it was an improvident exercise of discretion to vacate the defendant's default in posting a proper undertaking and allowing the action to proceed. The judgment entered October 21, 1994, upon the defendant's default is, therefore, reinstated.

In light of the foregoing determination, we have not considered the parties' remaining contentions. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.