■ DEBRA TIRONE et al., Respondents, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Appellants. [694 NYS2d 117] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated June 4, 1998, which denied their motion for a final order of preclusion and summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The parties entered into a "so-ordered" stipulation dated October 6, 1997, which granted the defendants' motion to preclude the plaintiffs from offering any evidence at trial relevant to the items for which particulars had been demanded unless the plaintiffs served separate bills of particulars upon each defendant within 60 days. The Supreme Court erred in failing to impose the agreed-upon sanction when the plaintiffs did not comply with the stipulation (see, Ferrantello v St. Charles Hosp. & Rehabilitation Ctr., 249 AD2d 263; Smith v City of New York, 239 AD2d 337).

Moreover, the "so-ordered" stipulation functioned as a conditional order of preclusion, which became absolute upon the plaintiffs' failure to comply (see, Michaud v City of New York, 242 AD2d 369; Clissuras v Concord Vil. Owners, 233 AD2d 475). The plaintiffs failed to meet their burden of offering a reasonable excuse for their delay in serving the bills of particulars and a medical affidavit of merit (see, Garten v Mazlin, 244 AD2d 316; Neveloff v Faxton Children's Hosp. & Rehabilitation Ctr., 227 AD2d 457). Since the plaintiffs will be unable to establish a prima facie case without the precluded evidence, the complaint should be dismissed (see, DiPietro v Duhl, 227 AD2d 515; D'Agostino v Chersevani, 216 AD2d 435). O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.