SECOND DEPARTMENT, NOVEMBER, 1999

(November 1, 1999)

■ EILEEN ALPHONSE, Respondent, v UBJ INC., Trading as FARM COUNTRY OUTLET, et al., Appellants. [697 NYS2d 324] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated April 16, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

By order dated September 18, 1998, the Supreme Court granted a 60-day conditional order precluding the plaintiff from offering any evidence in support of the allegations in her complaint unless she complied with the defendants' outstanding discovery demands. It is undisputed that the plaintiff's attorney consented to the conditional order of preclusion. When the plaintiff failed to comply with the conditional order, the defendants moved for summary judgment, but the Supreme Court denied their motion.

The defendants contend that the court erred in excusing the plaintiff's failure to comply with the conditional order, and in denying their motion for summary judgment. We agree. When the plaintiff failed to timely comply with the conditional order of preclusion, the order became absolute (*see, Barriga v Sapo,* 250 AD2d 795; *Michaud v City of New York,* 242 AD2d 369). To be relieved from an order of preclusion, a plaintiff is required to demonstrate a reasonable excuse for the failure to timely comply with the discovery demands, and the existence of a meritorious cause of action (*see, Barriga v Sapo, supra; Ludwigsen v American Transp. Lines,* 242 AD2d 523; *Cobble Hill Nursing Home v Griffo,* 240 AD2d 459). The plaintiff failed to sustain that burden. Accordingly, since the plaintiff is precluded from proving the essential elements of her case at trial, the defendants' motion for summary judgment must be granted (*see, Barriga v Sapo, supra; DiPietro v Duhl,* 227 AD2d 515). S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.