■ JEAN GHOLSON, Appellant, et al., Plaintiff, v COUNTY OF NASSAU et al., Respondents, and HUNTINGTON HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. HAROLD V. ADAMS, JR., Third-Party Defendant-Respondent. [711 NYS2d 899] —In an action to recover damages for medical malpractice, the plaintiff Jean Gholson appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated August 26, 1999, which denied her motion to restore the action to the trial calendar and granted the separate cross motions of the defendants, the defendant third-party plaintiff, and the third-

party defendant to preclude her from offering expert testimony at trial because of her failure to timely comply with an order of the same court, dated December 19, 1997, and to dismiss the complaint.

Ordered that the order is affirmed, with costs.

By order dated December 19, 1997, the Supreme Court conditionally precluded the appellant from offering any expert testimony at trial unless, within 20 days, she provided expert witness disclosure information pursuant to CPLR 3101 (d) (1) (i). The appellant failed to "disclose in reasonable detail the subject matter on which each expert [was] expected to testify [and] the substance of the facts and opinions on which each expert [was] expected to testify" (CPLR 3101 [d] [1] [i]). Accordingly, when the appellant failed to timely comply with the conditional order of preclusion, the order became absolute (see, Alphonse v UBJ Inc., 266 AD2d 171; Barriga v Sapo, 250 AD2d 795). To be relieved from an order of preclusion, the appellant was required to demonstrate a reasonable excuse for the failure to comply with the condition and the existence of a meritorious cause of action (see, Alphonse v UBJ Inc., supra; Barriga v Sapo, supra). Having failed to do so, the appellant was precluded from proving the essential elements of her case at trial, and the Supreme Court properly granted the separate cross motions, inter alia, to dismiss the complaint (see, Alphonse v UBJ Inc., supra; Barriga v Sapo, supra; Rossi v Matkovic, 227 AD2d 609). Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.