■ GOLDSMITH MOTORS CORP., Respondent, v CHEMICAL BANK, Appellant. [751 NYS2d 547] —In an action to recover damages for libel, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 14, 2002, which denied its motion for summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3126 for failure to comply with a so-ordered stipulation.

Ordered that the order is affirmed, without costs or disbursements.

The parties entered into a conditional so-ordered stipulation dated May 9, 2000, which precluded the plaintiff from offering evidence of special damages in support of its libel cause of action arising out of the alleged wrongful dishonor of checks unless it complied with the defendant's outstanding discovery demands by June 9, 2000. When the plaintiff failed to sufficiently comply with the stipulation, the defendant moved, inter alia, for summary judgment dismissing the complaint.

As a result of the plaintiff's failure to sufficiently and timely comply with the conditional so-ordered stipulation of preclusion dated May 9, 2000, that conditional stipulation became absolute (*cf. Jenkinson v Naccarato,* 286 AD2d 420; *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 282 AD2d 741, 742; *Kepple v Hill Assoc.,* 275 AD2d 299, 300; *Gholson v*

*County of Nassau,* 274 AD2d 450, 451). To avoid the adverse impact of the conditional so-ordered stipulation, the plaintiff was required to demonstrate a reasonable excuse for the failure to timely comply with the discovery demands, and the existence of a meritorious cause of action (*see Ludwigsen v American Transp. Lines,* 242 AD2d 523; *cf. Jenkinson v Naccarato, supra; Alphonse v UBJ Inc.,* 266 AD2d 171; *Barriga v Sapo,* 250 AD2d 795).

The plaintiff demonstrated the existence of a meritorious cause of action for libel arising out of the alleged wrongful dishonor of checks. Special damages ultimately were itemized (*see* Uniform Commercial Code § 4-402; *Bosco v Curtin,* 291 AD2d 424; *Ram v Moritt,* 205 AD2d 516, 517; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373; *Wohlrab v City of Newburgh,* 105 AD2d 838, 839; *Metacoustic, Inc. v Truitt Bros.,* 32 AD2d 826; *Von Ludwig v Schiano,* 23 AD2d 789, 790). Furthermore, under the circumstances of this case, the excuse offered by the plaintiff was reasonable. Moreover, there is no indication that the plaintiff ever intended to abandon its action, and the defendant did not allege that it was prejudiced by the delay (*see Gutenplan v Dauman,* 154 AD2d 337, 338; *Mathiesen v Desadora,* 132 AD2d 872, 873; *Umlauf v County of Chautauqua,* 105 AD2d 1104; *cf. Vanek v Mercy Hosp.,* 162 AD2d 680, 681). Accordingly, the Supreme Court properly denied the defendant's motion. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.