■ HELEN CONTARINO et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL AT GLEN COVE et al., Respondents. [786 NYS2d 326]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated February 21, 2003, which, inter alia, granted the motion of the defendants North Shore University Hospital at Glen Cove, Glen Cove Physicians Group, P.C., David B. Berger, and Rosalinda Berk, and the separate motion of the defendant Stephen J. O'Brien, inter alia, to confirm the report of a Special Referee and directed the entry of a judgment in favor of the defendants dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

After the Supreme Court repeatedly rejected their bills of particulars and directed the plaintiffs to serve meaningful responses to the defendants' respective demands, on penalty of automatic preclusion, the defendants separately moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiffs were precluded from establishing a prima facie case. The plaintiffs opposed the motions on the ground that they had, in fact, complied with the self-effectuating preclusion order by serving responsive bills of particulars by the court-ordered deadline. The defendants denied ever receiving these responsive particulars. The Supreme Court referred the issue of timely service to a Special Referee to hear and report.

The Special Referee held a hearing and rendered her report finding that the plaintiffs had not proven that they had mailed the bills of particulars mandated by the self-effectuating preclusion order.

The Supreme Court properly confirmed the report of the Special Referee. The proof before the Special Referee amply supported her recommendation, and her credibility determinations are entitled to deference on appeal (*see Anonymous v Anonymous,* 289 AD2d 106, 107 [2001]; *Greenpoint Sav. Bank v Patel,* 267 AD2d 204 [1999]). Accordingly, the plaintiffs were automatically precluded from proving at trial all of the items of which particulars were demanded. This prevents them from establishing a prima facie case against any defendant. Hence, contrary to the plaintiffs' contention, summary judgment dismissing the complaint was properly granted (*see Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415 [1999]; *DiPietro v Duhl,* 227 AD2d 515, 516 [1996]; *D'Agostino v Chersevani,* 216 AD2d 435, 436 [1995]). Their prior unresponsive bills of particulars were insufficient to circumvent the preclusion and to raise a triable issue of fact. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.