MOHAMMAD RAHMAN, Respondent, v CATHERINE MAC-DONALD, Appellant. [793 NYS2d 144]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 18, 2003, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when his car collided with a vehicle owned and operated by the defendant. By order of the Supreme Court, Queens County, dated May 13, 2002, the plaintiff was "precluded from offering any evidence at trial pertaining to any items demanded by the defendant to which no response had been forthcoming." Based upon that order, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, concluding that it was "not completely satisfied that the plaintiff is effectively unable to establish a prima facie case of negligence based upon the evidence which had been precluded." We reverse.

In order to establish a prima facie case, the plaintiff was required to demonstrate that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Licari v Elliott*, 57 NY2d 230 [1982]; *Moore v Williams*, 309 AD2d 738, 739 [2003]). As the Supreme Court's order of preclusion was based, in part, upon conduct of the plaintiff resulting in the defendant being unable to conduct an independent medical exami-

nation, it follows logically that the plaintiff cannot be allowed to adduce medical evidence at trial (*see generally Francisco v Vazquez,* 303 AD2d 625 [2003]). Accordingly, the order of preclusion effectively prevented the plaintiff from making out a prima facie case with respect to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d), and thus, the complaint should have been dismissed (*see Contarino v North Shore Univ. Hosp.,* 13 AD3d 571, 572 [2004]; *Cafaro v Emergency Servs. Holding, Inc.,* 11 AD3d 496 [2004], *lv dismissed* 4 NY3d 739 [2004]; *Echevarria v Pathmark Stores, Inc.,* 7 AD3d 750 [2004]; *D'Agostino v Chersevani,* 216 AD2d 435, 436 [1995]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.