■ Aнмед Alhomedi, Respondent, v TDS Leasing, Inc., et al., Defendants, and George P. Psathas, Appellant. [839 NYS2d 529]—

In an action, inter alia, to recover damages for breach of a commercial lease, the defendant George P. Psathas appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated June 27, 2006, as denied those branches of his motion which were, in effect, for leave to reargue his prior motion pursuant to CPLR 5015 (a) to

vacate a judgment in favor of the plaintiff and against him in the sum of $105,605.22, entered upon his default in appearing at trial, which was granted in an order of the same court dated February 3, 2006, upon the condition that he post an undertaking, and to vacate his default in posting an undertaking, and granted the plaintiff's cross motion to reinstate the judgment entered against him upon his default in appearing at trial.

Ordered that the appeal from so much of the order as denied that branch of the motion of the defendant George P. Psathas which was, in effect, for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff and the defendant George P. Psathas (hereinafter the defendant) entered into a so-ordered stipulation dated February 3, 2006, which granted the defendant's motion to vacate a judgment entered against him upon his default in appearing at trial upon the condition, inter alia, that he post an undertaking. The so-ordered stipulation functioned as a conditional order, which caused the judgment to become absolute upon the defendant's failure to comply with the condition requiring him to post the undertaking (see *Goldsmith Motors Corp. v Chemical Bank,* 300 AD2d 440, 440-441 [2002]; *Siltan v City of New York,* 300 AD2d 298 [2002]; *Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415 [1999]). To avoid the adverse impact of the conditional so-ordered stipulation, the defendant was required to demonstrate a reasonable excuse for his failure to timely comply with the requirement that he post an undertaking, along with the existence of a meritorious defense (see *Koslosky v Khorramian,* 31 AD3d 716 [2006]). The defendant failed to provide a reasonable excuse for his failure to timely post an undertaking (see *Anamdi v Anugo,* 260 AD2d 329, 330-331 [1999]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate his default in posting an undertaking and in granting the plaintiff's cross motion to reinstate the default judgment. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.