■ MICHAEL ANDERSON, Appellant, v RC DOLNER, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. TRANSEL ELEVATOR, INC., et al., Third-Party Defendants. [842 NYS2d 50]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated September 13, 2006, as granted that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint based upon his failure to comply with so much of a prior order of the same court (Schulman, J.), dated April 4, 2006, as precluded the plaintiff from testifying at trial regarding his physical condition if he failed to appear for independent medical examinations by a date certain.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint based upon the plaintiff's failure to comply with so much of the order dated April 4, 2006, as precluded the plaintiff from testifying at trial regarding his physical condition if he failed to appear for independent medical examinations by a date certain is denied.

Although the Supreme Court properly precluded the plaintiff from testifying at trial based upon his failure to submit to independent medical examinations in accordance with the conditional order of preclusion dated April 4, 2006, which was agreed upon by the parties pursuant to a stipulation of the same date, the defendants were not entitled to summary judgment dismissing the complaint.

While a preclusion order may serve as a basis for summary judgment dismissing the complaint, a preclusion order alone does not necessarily compel dismissal (see Northway Eng'g v Felix Indus., 77 NY2d 332, 336 [1991]; Ramos v Shendell Realty Group, Inc., 8 AD3d 41 [2004]). At bar, the pertinent language of the order of preclusion stated that the "plaintiff shall be precluded from testifying concerning his physical condition." Thus, the Supreme Court did not preclude the plaintiff from proffering any other evidence of his physical condition, such as his medical records or testimony of his treating physician. It only precluded his own testimony in that regard. In addition, the preclusion order did not preclude the plaintiff from testifying about anything other than his physical condition.

The defendants failed to establish that without the plaintiff's testimony, he would be unable to make out a prima facie case.

Thus, under the circumstances of this case, including the limited nature of the preclusion order, the defendants were granted more relief than warranted (*see e.g. Ramos v Shendell Realty Group, Inc., supra; Jeune v O.T. Trans Mix Corp.*, 307 AD2d 1027, 1028 [2003]). Accordingly, the defendants were not entitled to summary judgment dismissing the complaint. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.