■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of EDWARD BRADLEY, Appellant, v HERTZ CORPORATION et al., Respondents. (And a Third-Party Action.) [841 NYS2d 617]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Dorsa, J.), entered February 14, 2006, as granted the defendants' motion for summary judgment dismissing the complaint, (2) so much of an order of the same court entered May 15, 2006, as denied those branches of its motion which were for leave to renew and reargue its opposition to the defendants' motion for summary judgment dismissing the complaint, and (3) so much of an order of the same court also entered May 15, 2006, which denied those branches of its second motion which were for leave to renew and reargue its opposition to the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeals from so much of the two orders entered May 15, 2006, as denied those branches of the plaintiff's two motions which were for leave to reargue are dismissed, as

no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 14, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the orders entered May 15, 2006 are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On July 15, 2005 the plaintiff entered into a stipulation with the defendants and the third-party defendant requiring it to respond to their discovery requests within 60 days. The stipulation, which was so-ordered by the Supreme Court on July 25, 2005, provided that "[t]he plaintiff will be precluded at the time of trial from introducing into evidence any matter contained in the demands set forth in Paragraph 'A,' above and not served within sixty (60) days of the date herein." It is undisputed that the plaintiff failed to serve its response to the demands, including the demand for a bill of particulars, within the relevant 60-day period. A conditional so-ordered stipulation becomes absolute upon a party's failure to sufficiently and timely comply (*see Goldsmith Motors Corp. v Chemical Bank*, 300 AD2d 440, 440-441 [2002]; *Siltan v City of New York*, 300 AD2d 298 [2002]). To avoid the adverse impact of the conditional so-ordered stipulation, the plaintiff was required to demonstrate a reasonable excuse for the failure to timely comply with the stipulation and the existence of a meritorious cause of action (*see Gilmore v Garvey*, 31 AD3d 381 [2006]; *Goldsmith Motors Corp. v Chemical Bank, supra*; *Gutenplan v Dauman*, 154 AD2d 337, 337-338 [1989]). The plaintiff failed to meet this burden. Since the order of preclusion prevented the plaintiff from making out a prima facie case, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Gilmore v Garvey, supra*; *Cafaro v Emergency Servs. Holding, Inc.*, 11 AD3d 496, 498-499 [2004]; *Alphonse v UBJ Inc.*, 266 AD2d 171 [1999]).

Furthermore, a motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Renna v Gullo*, 19 AD3d 472 [2005]). Those branches of the plaintiff's two motions which were for leave to renew were properly denied since the plaintiff failed to set forth a reasonable justification for its failure to present the alleged new facts on the prior motion (*see O'Connell v Post*, 27 AD3d 631 [2006]) and failed to present "new facts not offered on the prior motion that would change the prior determination"

(CPLR 2221 [e] [2]). Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.