■ CARLETON SAMUELS, Respondent, v MONTEFIORE MEDICAL CENTER et al., Appellants. [852 NYS2d 121]—

On January 26, 2005, after plaintiff in this medical malpractice action failed to comply with a November 2002 preliminary conference order and an August 2003 compliance conference order, Justice Tuitt conditionally precluded him from offering evidence at trial unless he provided all outstanding discovery within 45 days. Plaintiff never sought vacatur of that conditional order. At the scheduled status conference on March 21, 2005, Justice Tuitt found that plaintiff still had not complied with the prior orders and issued a "self executing order of preclusion." Defendants moved in January 2006 for summary judgment based on the March 21 order. The court denied that motion on the ground defendants had failed to demonstrate the merit of their defense.

No such demonstration was necessary. The preclusion of plaintiff's evidence rendered him unable to establish a prima facie case, thus requiring dismissal of the complaint (*Zapco 1500 Inv. v Wiener*, 299 AD2d 206 [2002]). Contrary to plaintiff's contention, this was not a discovery-related motion requiring the submission of an affirmation of good faith pursuant to 22 NYCRR 202.7 (a). Defendants inadvertently failed to submit the March 21 order on their summary judgment motion, but plaintiff did not dispute its contents as quoted in its entirety in the attorney's affirmation in support of the dismissal motion. Even though the order is dehors the record on appeal, it is included in the motion court's files, and we take judicial notice of it (*see People v Davis*, 161 AD2d 787, 788 [1990], *lv denied* 76 NY2d 939 [1990]). Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.