RYAN CALDER et al., Appellants, v GERALD H. COFTA, Respondent. [853 NYS2d 596]—

On August 21, 2006, the parties entered into a stipulation requiring the infant plaintiff to appear for an independent medical examination within 45 days. The stipulation was incorporated by reference into a conditional order of preclusion dated August 21, 2006, which provided that "the failure of a party to comply with said stipulation will result in that party being precluded from offering evidence at trial with respect to those items of discovery outlined in the stipulation that have not been provided." Contrary to the plaintiffs' contention, the infant plaintiff's willful refusal to permit the defendant's examining physician, inter alia, to conduct a meaningful physical examination of his nose and mouth constituted a failure to comply with the stipulation (*see Allen v State of New York*, 228 AD2d 1001 [1996]). Upon the plaintiffs' failure to comply with the terms of the stipulation, the conditional order of preclusion became absolute (*see Koslosky v Khorramian*, 31 AD3d 716 [2006]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]; *Hall v Penas*, 5 AD3d 549 [2004]). To be relieved of the adverse impact of the conditional order, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply

with the stipulation and the existence of a meritorious cause of action (*see State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]; *Matter of Denton v City of Mount Vernon*, 30 AD3d 600 [2006]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d at 751). The plaintiffs failed to demonstrate a reasonable excuse for their failure to comply with the stipulation (*see Burger v Bladt*, 112 AD2d 127 [1985]; *Goldman v Linkoff*, 45 AD2d 709 [1974]). Furthermore, they failed to submit any proof regarding the issue of liability. Since the order of preclusion prevented the plaintiffs from making out a prima facie case with respect to whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d at 908; *Rahman v MacDonald*, 17 AD3d 438, 439 [2005]; *Contarino v North Shore Univ. Hosp. at Glen Cove*, 13 AD3d 571, 572 [2004]; cf. *Anderson v RC Dolner, Inc.*, 43 AD3d 837 [2007]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 30215(U) (2007).]