■ Dimitrius Panagiotou et al., Appellants, v Samaritan Village, Inc., et al., Respondents, et al., Defendant. [886 NYS2d 806]—

In an action to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 30, 2008, as granted the motion of the defendants Samaritan Village, Inc., Samaritan Foundation, Inc., and P.J. Wyer Construction, Inc., and the separate motion of the defendant Werfel & Associates, LLC, for summary judgment dismissing the complaint based upon the plaintiffs' failure to serve a bill of particulars as directed by a conditional order of preclusion entered February 25, 2008.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs failed to serve a responsive bill of particulars within the 30-day time limit set in the conditional order of preclusion entered February 25, 2008. The order, therefore, became absolute (*see Gilmore v Garvey*, 31 AD3d 381 [2006]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]). To avoid the adverse impact of the conditional order of preclusion, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply and a meritorious cause of action (*see State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d at 751). The plaintiffs failed to make such a showing. Since the order of preclusion prevents the plaintiffs from establishing a prima facie case, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint (*see Calder v Cofta*, 49 AD3d 484 [2008]; *State Farm Mut. Auto Ins. Co. v Hertz Corp.*, 43 AD3d at 908). Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.