■ SEAN MESLIN et al., Respondents, v JERIVAL GEORGE, Appellant. [989 NYS2d 901]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated September 11, 2013, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In this action arising out of a two-vehicle accident, the Supreme Court issued an order (hereinafter the preclusion order) precluding the plaintiffs from testifying regarding liability and damages at trial following their repeated failure to provide disclosure pursuant to court orders and a stipulation of the parties. Although the plaintiffs appealed from the preclusion order, they failed to pursue the matter and the appeal ultimately was dismissed for failure to perfect. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiffs could not establish a prima facie case at trial as a result of the preclusion order. The Supreme Court denied the motion.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated his prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiffs could not make out a prima facie case at trial because they were

precluded from testifying as to liability and damages. The plaintiffs failed to raise a triable issue of fact in opposition to the motion, as it is undisputed that they will not be able to move forward with their case at trial. Given that the preclusion order prevents the plaintiffs from offering any evidence in support of their claim, summary judgment in the defendant's favor, as a matter of law, should have been awarded (see *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 82 [2010]; see also *SRN Realty, LLC v Scarano Architect, PLLC*, 116 AD3d 693 [2014]; *Keenan v Fiorentino*, 84 AD3d 740, 740-741 [2011]; *Bazoyah v Herschitz*, 79 AD3d 1081, 1082 [2010]; *Calder v Cofta*, 49 AD3d 484, 485 [2008]; *Samuels v Montefiore Med. Ctr.*, 49 AD3d 268 [2008]; *Zapco 1500 Inv. v Wiener*, 299 AD2d 206 [2002]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.