■ SEBASTIAN PIEMONTE, Plaintiff, v JSF REALTY, LLC, Appellant. [36 NYS3d 146]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered May 26, 2015, which denied its unopposed motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant's motion for summary judgment dismissing the complaint is granted.

On November 18, 2010, the plaintiff allegedly was injured while performing construction work at premises in Brooklyn owned by the defendant. In November 2013, he commenced this action against the defendant alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The defendant interposed a verified answer dated December 19, 2013, and also served upon the plaintiff a demand for a verified bill of particulars, combined demands, a notice of discovery and inspection, and a notice of deposition. On June 2, 2014, the Supreme Court issued a preliminary conference order directing that the plaintiff serve a bill of particulars and furnish medical authorizations within 30 days, and that he appear for a deposition on September 11, 2014. On September 4, 2014, the parties' attorneys entered into a written stipulation, which was so-ordered, directing that discovery responses and authorizations be provided within 30 days and that the plaintiff appear for a deposition on or before November 15, 2014. In a letter to the plaintiff's attorney dated October 18, 2014, the defendant's attorney noted that the plaintiff's discovery responses were "long

overdue" and requested that responses be provided within 10 days so as to avoid unnecessary motion practice. On November 20, 2014, the court issued a compliance conference order directing the parties to comply with all outstanding discovery demands within 30 days. The plaintiff, in particular, was directed to provide a bill of particulars, medical reports, authorizations, and responses to combined demands by December 20, 2014, or be precluded from presenting evidence at trial in support of all matters addressed by the defendant's demands and notices.

On or about December 30, 2014, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff was precluded from offering any evidence on the issues of liability and damages. The Supreme Court denied the unopposed motion on the ground that the defendant, in violation of 22 NYCRR 202.7 (a) (2), failed to provide an affirmation from its counsel that it had conferred with opposing counsel in an effort to resolve the issues raised by the motion. The defendant appeals.

The Supreme Court erred in denying the defendant's motion for summary judgment on the ground that its counsel failed to file a good faith affirmation pursuant to 22 NYCRR 202.7 (a) (2). The plain language of 22 NYCRR 202.7 (a) (2) indicates that the affirmation requirement applies only "with respect to a motion relating to disclosure or to a bill of particulars" (22 NYCRR 202.7 [a] [2]). A motion for summary judgment is not a discovery-related motion requiring an affirmation of good faith pursuant to 22 NYCRR 202.7 (a) (2) (*see Samuels v Montefiore Med. Ctr.*, 49 AD3d 268 [2008]).

When a plaintiff fails to timely comply with a conditional order of preclusion, the conditional order becomes absolute (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]). "[T]o obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d at 80). Here, the plaintiff neither opposed the defendant's motion for summary judgment nor independently moved for relief from the November 20, 2014, order containing the conditional preclusion language. It is undisputed that the plaintiff failed to respond to the defendant's demand for a bill of particulars and its discovery demands and notices, and was

thus precluded by the November 20, 2014, order from presenting any evidence at trial regarding the matters addressed in those demands and notices. As such, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff could not make out a prima facie case at trial as to liability or damages (*see Meslin v George*, 119 AD3d 915 [2014]). The plaintiff, by failing to respond to the motion, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 82-83; *Meslin v George*, 119 AD3d 915 [2014]; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d at 980; *Calder v Cofta*, 49 AD3d 484 [2008]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]; *Gilmore v Garvey*, 31 AD3d 381, 382 [2006]). Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.