Ciampa Org., LLC v Vergara (2019 NY Slip Op 02495)





Ciampa Org., LLC v Vergara


2019 NY Slip Op 02495


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-01559 
2018-01560
 (Index No. 1895/11)

[*1]Ciampa Organization, LLC, et al., appellants,
v
Mario R. Vergara, et al., respondents.


Neil R. Finkston, Great Neck, NY, for appellants.
Zetlin & De Chiara LLP, New York, NY (James H. Rowland and Raymond T. Mellon of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 28, 2017, and (2) an order of the same court entered December 6, 2017. The order entered November 28, 2017, denied the plaintiffs' motion, in effect, for leave to reargue that branch of their prior motion which was to restore the action to the trial calendar, which had been denied in an order of the same court entered September 3, 2015. The order entered December 6, 2017, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order entered November 28, 2017, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered December 6, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In March 2011, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract relating to allegedly defective design work performed by the defendants with respect to a subdivision project involving approximately 47 units of two-family detached houses in the Bronx. Approximately two years after discovery began, in an order entered July 11, 2013, the Supreme Court directed the plaintiffs to respond to certain document demands served upon them by the defendants within 30 days of service of a copy of the order with notice of entry and to produce two specified individuals for deposition within 45 days of service of a copy of the order with notice of entry. The order further provided "that the failure to timely and fully comply with this order shall result in the plaintiff[s] being precluded from offering any evidence at trial in regard to the issue of damages regarding the discovery sought, but not provided." Thereafter, in an order entered August 2, 2013, the Supreme Court vacated the note of issue and restored the matter to pre-note of issue status.
In April 2015, the plaintiffs moved to restore the action to the trial calendar pursuant [*2]to CPLR 3404, or, in the alternative, to restore the action to active status, and for a protective order preventing any further discovery in the matter on the grounds that the plaintiffs were in compliance with the entered July 11, 2013, order or that compliance was no longer necessary. The Supreme Court denied the motion in an order entered September 3, 2015. That order provided "that, pursuant to this Court's Order, dated June 28, 2013, the plaintiff is now precluded from offering any evidence at trial on the issue of damages." Although the plaintiffs filed a notice of appeal from the September 3, 2015, order, the appeal was dismissed by decision and order on motion of this Court dated September 19, 2016, for failure to perfect.
In June 2017, the plaintiffs moved, in effect, for leave to reargue that branch of their prior motion which was to restore the action to the trial calendar, which had been denied by the September 3, 2015, order, on the grounds that there was no outstanding discovery and the matter was ready for trial. The defendants opposed the motion and moved for summary judgment dismissing the complaint on the basis that the plaintiffs were precluded from offering any evidence of damages at trial, an essential element of the case. In an order entered November 28, 2017, the Supreme Court denied the plaintiff's motion. In an order entered December 6, 2017, the court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal from both the November 28, 2017, order and the December 6, 2017, order.
The plaintiffs' June 2017 motion raised the same issues and sought the same relief as their April 2015 motion, which had been considered by the Supreme Court when it denied that motion in the September 3, 2015, order. The plaintiffs' subsequent motion did not present any new facts that had not already been raised in their April 2015 motion. Consequently, the June 2017 motion was, in effect, for leave to reargue, the denial of which is not appealable (see CPLR 2221; Maddaloni v Maddaloni, 163 AD3d 794, 795).
We agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiffs could not establish a prima facie case at trial because they were precluded from offering any evidence on the issue of damages pursuant to the September 3, 2015, order (see McIntosh v New York City Partnership Dev. Fund Co., Inc, 165 AD3d 1251, 1253; Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1147; Meslin v George, 119 AD3d 915, 915-916; Samuels v Montefiore Med. Ctr., 49 AD3d 268). In opposition, the plaintiffs failed to raise a triable issue of fact (see Meslin v George, 119 AD3d at 916).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court