Vlahos v Robert (2020 NY Slip Op 02821)





Vlahos v Robert


2020 NY Slip Op 02821


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-00486
 (Index No. 707892/17)

[*1]Anastasios Vlahos, et al., respondents,
v
Fernando Robert, appellant.


Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for appellant.
Sacco & Fillas, LLP, Bayside, NY (Elliot L. Lewis of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered December 18, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 26, 2018, the parties' attorneys entered into a stipulation requiring the plaintiffs to comply with the defendant's disclosure demands and a preliminary conference order by June 11, 2018, or be precluded from testifying at trial regarding those items not provided. In July 2018, the defendant moved for summary judgment dismissing the complaint on the basis that the plaintiffs were precluded from offering any evidence at trial based upon their failure to comply with the stipulation. The Supreme Court denied the motion. The defendant appeals.
The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis of the stipulation (cf. McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1252-1253; Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1146). The stipulation did not provide that the plaintiffs would be precluded from offering any evidence at trial. Instead, the stipulation set forth that the plaintiff would be precluded from testifying at trial regarding those items not provided. Even with the stipulation, the plaintiffs would not be precluded from offering other evidence with respect to liability or alleged injuries. Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying his motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., DILLON, MILLER, and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court