■ PAM BOWDREN, Respondent, v DAVID PETERS, Appellant. [617 NYS2d 66] —Cardona, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered October 1, 1993 in Saratoga County, which, *inter alia,* denied defendant's cross motion to vacate a default judgment entered against him.

Plaintiff commenced this action by personal service of a summons and complaint on March 4, 1992. The complaint sought to recover moneys allegedly owing to plaintiff from defendant in connection with the acquisition of certain real estate. Defendant's previous attorney served an answer and counterclaim on April 6, 1992. On April 16, 1992, plaintiff rejected and returned defendant's answer as untimely. By letter dated July 15, 1992, plaintiff's attorney advised defendant's attorney of plaintiff's intent to take a default judgment. Thereafter, plaintiff moved for a default judgment; defendant did not oppose the motion. A default judgment was entered

against defendant on December 7, 1992 in the amount of $47,876.62, together with costs and disbursements.

Thereafter, on June 8, 1993 plaintiff sought a judgment directing the sale of real property owned by defendant in order to satisfy the outstanding judgment. Defendant opposed plaintiff's request and cross-moved to vacate the default judgment. Supreme Court denied defendant's cross motion and granted the relief sought by plaintiff. Defendant now appeals.

In order to vacate a default judgment, a party must demonstrate both a reasonable excuse for the default and a meritorious defense *(see, People v Scudds,* 195 AD2d 778, 779; *David Sanders, P. C. v Sanders, Architects,* 140 AD2d 787, 789). In our view, the failure of defendant's previous attorney to serve a timely answer because of the pressure of his various employments does not constitute reasonable law office failure. Therefore, we agree with Supreme Court's finding that defendant has not proffered a reasonable excuse for the delay. Nevertheless, we vacate the default judgment as to the amount of the damages only. We do so on our own initiative as an exercise of our discretion in the interest of justice *(see, Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791).

Plaintiff's affidavit submitted in support of her original motion for a default judgment lacked sufficient facts to permit the calculation of damages by Supreme Court without extrinsic proof. Plaintiff's unverified complaint was insufficient for this purpose *(see,* CPLR 3215 [f]; *Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572, n 2). Under these circumstances, the entry of the default judgment without an inquest for an assessment of damages was erroneous *(see, Rondout Val. Publ. Co. v AM Intl.,* 93 AD2d 912, 913; *Falso v Norton,* 89 AD2d 635).

Because defendant's default in appearance conceded only liability *(see, Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351), he is entitled to notice of the inquest and " 'a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages' " *(Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730, quoting *Reynolds Sec. v Underwriters Bank & Trust Co., supra,* at 572). Accordingly, Supreme Court's order is reversed, the default judgment is vacated only as to the amount of the judgment and the matter is remitted to Supreme Court for further proceedings in accordance with CPLR 3215 (b).

We have considered the other arguments raised by defendant and find them to be lacking in merit.

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, default judgment entered December 7, 1992 vacated only as to the amount of damages and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.