■ THOMAS CARTER, III, et al., Appellants, v HI TOP FLOWER WHOLESALE CORP., Respondent, et al., Defendant. [680 NYS2d 589] —In an action to recover damages for personal injuries and property damage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Demarest, J.), dated February 5, 1998, which, *inter alia,* denied their motion for leave to enter a judgment on the issue of liability against the defendant Hi Top Flower Wholesale Corp. upon its default in answering the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the

matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for leave to enter a judgment on the issue of liability against the defendant Hi Top Flower Wholesale Corp. (hereinafter the corporate defendant) and compelling the plaintiffs to accept service, *inter alia*, of the corporate defendant's answer. The corporate defendant failed to comply with a prior conditional order of the court, dated April 30, 1997, which granted the plaintiffs' motion for leave to enter a judgment upon the corporate defendant's default in answering unless that defendant served its answer "within 10 days hereof". Furthermore, the corporate defendant did not submit opposition papers offering any excuse for its failure to comply with the conditional order, or demonstrating the existence of a meritorious defense to this action. Under these circumstances, the plaintiffs' motion for leave to enter a judgment based upon the corporate defendant's default in answering should have been granted (*see, Michaud v City of New York,* 242 AD2d 369; *Green v Kolur,* 234 AD2d 267). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.