■ TAE CHOOL HA, Respondent, v B.H.N.V. REALTY CORP., Appellant. (And a Third-Party Action.) [712 NYS2d 358] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 2, 1999, which, in effect, granted its motion for summary judgment dismissing the complaint only to the extent of marking the case inactive and directing that the plaintiff would not be permitted to testify at trial unless he submitted to an examination before trial at least sixty days prior to trial.

Ordered that the order is modified by deleting the provision thereof directing that the plaintiff would not be permitted to testify at trial unless he submitted to an examination before trial at least sixty days prior to trial and substituting therefor a provision directing that the plaintiff is precluded from testifying at trial; as so modified, the order is affirmed, with costs to the defendant.

In a prior order, the Supreme Court conditionally precluded the plaintiff from testifying at trial unless he appeared for an examination before trial by December 31, 1998. In a subsequent order, the court extended the plaintiff's time to appear for an additional 120 days. When the plaintiff failed to appear within the extended period, the defendant moved for summary judgment dismissing the complaint. To avoid the adverse impact of the conditional orders of preclusion, the plaintiff was required to demonstrate an excusable default and the existence of a meritorious claim (*see, Askenazi v Hymil Mfg. Co.,* 263 AD2d 443; *Barriga v Sapo,* 250 AD2d 795; *Michaud v City of New York,* 242 AD2d 369; *DiPietro v Duhl,* 227 AD2d 515). The plaintiff failed to establish these elements. Thus, the defendant was entitled to an absolute order of preclusion. We find that summary judgment dismissing the complaint is unwarranted as the plaintiff may have additional evidence to establish his claim. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.