■ IRA WEITZENBERG et al., Appellants, v NASSAU COUNTY DEPARTMENT OF RECREATION AND PARKS et al., Respondents.

[724 NYS2d 357] —In an action, *inter alia*, for reinstatement and back pay, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 25, 2000, which granted the defendants' motion to vacate their default in opposing the plaintiffs' motion to strike their answer for failure to comply with a conditional order of preclusion dated July 9, 1999.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

In July 1999 the Supreme Court issued a conditional order of preclusion striking the defendants' answer unless, within 90 days, they completely and fully complied with a notice for discovery and inspection served by the plaintiffs in February 1999. Upon the defendants' failure to comply with the conditional order of preclusion, the plaintiffs moved to strike their answer. The Supreme Court granted the motion without opposition. Thereafter, the defendants moved to vacate their default, and the Supreme Court granted the motion on condition that the defense counsel pay to the plaintiffs' counsel the sum of $1,000 for costs and an attorney's fee. We reverse.

Initially, we note that the defendants' failure to timely comply with the conditional order of preclusion rendered that order absolute (*see, Kepple v Hill Assocs.*, 275 AD2d 299; *Tae Chool Ha v B.H.N.V. Realty Corp.*, 273 AD2d 458; *Alphonse v UBJ Inc.*, 266 AD2d 171). "It is well settled that in order to be relieved of a failure in complying with a conditional order of preclusion, the moving party must demonstrate a reasonable excuse for its failure to comply and must show, in evidentiary form from a party with personal knowledge of the facts, that a meritorious cause of action or defense exists" (*First Fed. Sav. & Loan Assn. v 1220 Richmond Rd. Corp.*, 123 AD2d 418, 419; *see, Carter v Hi Top Flower Wholesale Corp.*, 255 AD2d 412). Moreover, because they defaulted on the plaintiffs' motion to strike their answer based on their failure to comply with the conditional order of preclusion, the defendants were required to demonstrate a reasonable excuse for that default and a meritorious defense (*see, Burns v Casale,* 276 AD2d 734; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333). They failed on both accounts.

Nowhere in their motion papers did the defendants address whether they have a meritorious defense to the plaintiffs' action. Thus, the defendants' motion to vacate their default should have been denied (*see, Contractors Cas. & Sur. Co. v 535 Broadhollow Realty,* 276 AD2d 737; *Williams El. Co. v Grafi,* 277 AD2d 311). Moreover, the defendants' excuse for

failing to oppose the plaintiffs' motion, law office failure due to defense counsel's heavy schedule, was not reasonable (*see, Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532, 533; *First Fed. Sav. & Loan Assn. v 1220 Richmond Rd. Corp., supra; see also, Correa v Ahn,* 205 AD2d 575; *Kolajo v City of New York,* 248 AD2d 512). O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.