Ira Weitzenberg et al., Appellants, v Nassau County Department of Recreation and Parks et al., Respondents. [815 NYS2d 151]—

In an action, inter alia, for reinstatement and back pay, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 26, 2004, which granted the defendants' motion for leave to renew and reargue a prior motion to vacate their default and reinstate their answer and, upon renewal and reargument, vacated the default and reinstated the answer.

Ordered that the appeals by the plaintiffs Ira Weitzenberg, Carol Gartner, Steve Pilla, Marilyn Gressler, Ethel Zamurut, George Pinola, Maebell Mickens, and Cynthia Brown are deemed withdrawn, pursuant to a stipulation of settlement dated April 18, 2005; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Roberta Miller; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 1998 this Court, inter alia, affirmed so much of an order as denied the plaintiffs' first motion for class action status on the ground that their "conclusory allegations were insufficient to establish that the statutory prerequisites for class certification had been met" (*Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538, 539 [1998]). In an effort to obtain evidence to prove those allegations, the plaintiffs served their first notice of discovery and inspection in February 1999. The defendants' failure to comply with the plaintiffs' discovery demands, followed by their failure to comply with the court's conditional preclusion order, followed by their failure to submit papers in opposition to the plaintiffs' motion to strike their answer, ultimately led to the striking of the answer.

Although the Supreme Court subsequently vacated the defaults and reinstated the answer, this Court reversed that order on the ground that the defendants failed to demonstrate that they had a reasonable excuse for the default and a meritorious defense to the action (*see Weitzenberg v Nassau County Dept. of Recreation & Parks,* 282 AD2d 741 [2001]). When the defendants moved for leave to renew and reargue the appeal, this Court denied the motion without prejudice to seeking relief in the Supreme Court. In an order entered January 29, 2004 the Supreme Court granted the defendants' motion for leave to renew and reargue and, upon renewal and reargument, vacated the defaults and reinstated the answer.

In support of their motion for leave to renew, the defendants offered newly-discovered evidence that their former attorney was suffering from a mental illness that adversely affected his

ability to function and caused the various defaults in this action. The attorney's mental illness, which was corroborated by an affidavit from his psychiatrist, constituted a reasonable excuse for the underlying defaults (*see Norowitz v Ponconco, Inc.,* 96 AD2d 581, 582 [1983]). In addition, the defendants established that they had a meritorious defense to the claim that they acted in bad faith when they laid off and demoted certain employees in response to the 1992 budget crisis.

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to renew their prior motion to vacate their defaults and reinstate their answer and, upon renewal, granting the motion on the merits.

In light of the foregoing, it is not necessary to address the remaining contentions of the plaintiff Roberta Miller. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.