■ THOMAS CHIARELLO, Appellant, v CARMINE ALESSANDRO, Respondent. [832 NYS2d 634]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 20, 2006, which denied his motion to vacate an order and judgment (one paper) of the same court entered February 1, 2006 which granted the defendant's unopposed motion to enforce a stipulation of settlement, and is in favor of the defendant and against him dismissing the complaint and awarding the defendant, among other things, possession of the real property on the defendant's counterclaim.

Ordered that the order is affirmed, with costs.

The defendant entered a default judgment against the plaintiff based upon the plaintiff's failure to oppose the defendant's motion to enforce the terms of a stipulation which had been previously entered into between the parties. To vacate his default, the plaintiff was required to demonstrate both a reasonable excuse for his default and a meritorious cause of action or defense to the defendant's counterclaim (*see* CPLR 5015 [a] [1]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630 [2006]; *Gironda v Katzen*, 19 AD3d 644 [2005]; *Liotti v Peace*, 15 AD3d 452 [2005]). Here, the plaintiff's excuse for his failure to timely oppose the defendant's motion constituted little more than law office failure. Although it is within the discretion of the Supreme Court, in the interest of justice, to excuse a default resulting from law office failure (*see* CPLR 2005; *Caputo v Peton*, 13 AD3d 474 [2004]), under the circumstances of this case, the plaintiff's law office failure excuse was not reasonable (*see Weitzenberg v Nassau County Dept. of Recreation & Parks*, 282 AD2d 741 [2001]; *Kyriacopoulos v Mendon Leasing Corp.*, 216 AD2d 532 [1995]; *Bowdren v Peters*, 208 AD2d 1020 [1994]; *Correa v Ahn*, 205 AD2d 575 [1994]; *First Fed. Sav. & Loan Assn. of Rochester v 1220 Richmond Rd. Corp.*, 123 AD2d 418 [1986]).

The plaintiff also failed to demonstrate a meritorious cause of action or defense to the defendant's counterclaim (*see Cooper v Hempstead Gen. Hosp.*, 2 AD3d 566 [2003]; *Bubeck v Main Urology Assoc.*, 275 AD2d 909 [2000]; *Doria v Masucci*, 230 AD2d 764 [1996]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.