■ MARGARITA MORALES, Appellant, v PERFECT DENTAL, P.C., et al., Respondents. [899 NYS2d 883]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Knipel, J.), dated December 3, 2008, which granted, without opposition, the respective motions of the defendant Perfect Dental, P.C., and the defendant Gan Enterprises, LLC, for summary judgment dismissing the complaint insofar as asserted against them, (2) a judgment of the same court entered January 21, 2009, which, upon the order, dismissed the complaint, and (3) an order of the same court dated July 13, 2009, which denied the plaintiff's motion, in effect, to vacate the order dated December 3, 2008.

Ordered that the appeals from the order dated December 3, 2008, and the judgment are dismissed; and it is further,

Ordered that the order dated July 13, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeals from the order dated December 3, 2008, and the judgment entered January 21, 2009, must be dismissed because no appeal lies from an order or judgment entered upon the default of the appealing party (*see* CPLR 5511; *Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.,* 71 AD3d 628 [2010]; *D'Agostino Law Off., P.C. v Parlante,* 58 AD3d 668 [2009]).

In order to prevail on a motion to vacate a default in opposing a motion for summary judgment, a plaintiff is required to demonstrate both a reasonable excuse for its default and a meritorious cause of action (*see* CPLR 5015 [a]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630 [2006]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306 [2006]; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]). The Supreme Court did not improvidently exercise its discretion in rejecting the plaintiff's explanation for her default. Under the circumstances of this case, the plaintiff's proffered excuse of law office failure did not constitute a reasonable excuse for her default (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783, 784 [2008]; *Chiarello v Alessandro*, 38 AD3d at 824; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d at 849). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse (*see Morrison v Rosenberg*, 278 AD2d 392 [2000]; *Cole-Hatchard v Grand Union*, 270 AD2d 447 [2000]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]). Moreover, the plaintiff also failed to demonstrate a meritorious cause of action (*see Chiarello v Alessandro*, 38 AD3d at 824).

Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate the order dated December 3, 2008. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.