OPINION OF THE COURT
Memorandum.
Ordered that the order entered March 21, 2012 is reversed, without costs, the motion by defendant Ricardo S. Cruz-Pena to vacate so much of the default judgment entered June 22, 2011 as was against him and, in effect, the underlying order dated March 17, 2011 which had granted, on default, plaintiffs motion for summary judgment as against him is denied, and so much of the June 22, 2011 default judgment as was against defendant Ricardo S. Cruz-Pena is reinstated.
After a default judgment had been entered against defendants in this subrogation action, Ricardo S. Cruz-Pena (defendant) moved to vacate so much of the default judgment as had been entered against him. Plaintiff and defendant subsequently agreed, by so-ordered stipulation, to vacate the default judgment insofar as entered against defendant. Thereafter, plaintiff moved for summary judgment as against defendant, and defendant, now represented by counsel, failed to oppose the motion. By order dated March 17, 2011, the Civil Court (Leslie J. Purificación, J.) granted plaintiffs motion. On June 22, 2011, a new judgment was entered against both defendants pursuant to that order. Thereafter, in December 2011, defendant moved to vacate the default judgment insofar as entered against him and, in effect, the order dated March 17, 2011. The Civil Court (Cheree A. Buggs, J.) granted the motion by order entered March 21, 2012. The sole issue raised on appeal by plaintiff is that defendant’s vacatur motion should not have been granted as defendant failed to establish a reasonable excuse for the default.
The determination of what constitutes a reasonable excuse for a default lies within the motion court’s discretion {see Santi *90 ago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]; Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]), and a claim of law office failure may be accepted as a reasonable excuse where the claim is supported by a “detailed and credible” explanation of the default or defaults at issue (Henry v Kuveke, 9 AD3d 476, 479 [2004]). Conclusory and unsubstantiated claims of law office failure are insufficient (see Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]; Wechsler v First Unum Life Ins. Co., 295 AD2d 340, 341 [2002]). Here, defense counsel alleged that the failure to submit opposition papers in response to plaintiffs motion for summary judgment was the result of a mistake in following the scanning and filing procedures for incoming motions in defense counsel’s office. Such explanation did not adequately detail and substantiate the alleged law office failure which had resulted in the default in opposing plaintiffs motion. Moreover, even if we were to find that defense counsel did provide a detailed and credible explanation for the failure to submit opposition papers, defense counsel offered no reason whatsoever for waiting almost nine months to move to vacate, as the record shows that the March 17, 2011 order with notice of entry was served upon defense counsel on March 25, 2011.
The explanations offered by defense counsel to excuse and justify the defaults in this case amounted to nothing more than mere neglect, which is not accepted as a reasonable excuse for defendant’s default (see Strunk v Revenge Cab Corp., 98 AD3d 1029 [2012]; Morales v Perfect Dental, P.C., 73 AD3d 877 [2010]). It was therefore an improvident exercise of discretion for the Civil Court to grant defendant’s motion. Accordingly, the order is reversed, the motion by defendant to vacate so much of the June 22, 2011 default judgment as was against him and, in effect, the March 17, 2011 order granting, on default, plaintiffs motion for summary judgment as against him is denied, and so much of the June 22, 2011 default judgment as was against defendant is reinstated.