[997 NYS2d 211]

CRJ Realty Corp., Appellant, v Norma Pezzoti Espinal, Respondent, et al., Respondents.

Supreme Court, Appellate Term, First Department, October 1, 2014

---

**APPEARANCES OF COUNSEL**

*Kaplan & Chun, P.C.*, New York City (*Howard C. Chun* of counsel), for appellant.

*Kellner Herlihy Getty & Friedman, LLP*, New York City (*Carol Anne Herlihy* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Appeal from an order, dated October 10, 2013, deemed, pursuant to CPLR 5517 (b), to be taken from the subsequent order (same court and Judge), dated December 24, 2013, which, upon renewal, permanently stayed execution of the warrant, and so considered, order affirmed, with $10 costs.

Under the particular facts and circumstances of record in this nonpayment summary proceeding, Civil Court providently exercised its discretion and for good cause permanently stayed execution of the warrant of eviction so as to preserve the long-term (25-year) stabilized tenancy (*see Parkchester Apts. Co. v Scott*, 271 AD2d 273 [2000]; *102-116 Eighth Ave. Assoc. v Oyola*, 299 AD2d 296 [2002]). Granted, the tenant's substantial delay in releasing the rent funds held in escrow by her (now former) attorney constituted a material breach of the parties' so-ordered settlement stipulation. However, the evidence presented by tenant on renewal unassailably established that the defaults in this regard resulted from prior counsel's documented mental illness that "adversely affected his ability to function" (*Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685 [2006]; *see Avery v Caldwell*, 55 AD3d 473 [2008]), and despite tenant's repeated inquiries of counsel regarding the status of the case. In this posture, and considering that tenant timely deposited the rent funds into the escrow account and that her present counsel offered on renewal to make landlord whole by reimbursing it for the costs and reasonable legal fees incurred as a result of prior counsel's derelictions, we find no cause to

disturb the court's discretionary determination to permanently stay execution of the warrant.

SHULMAN, J.P., HUNTER, JR., and LING-COHAN, JJ., concur.