Rajiv Singh, as the Administrator of the Estate of JOEL SINGH and JEAN SAM, Respondents,
against
Mohamad Budhna and RPO CAR AND LIMOUSINE SERVICE, INC., Appellants.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered June 26, 2013. The order denied defendants' motion to vacate separate default judgments that had been entered against defendants and to restore the action to the trial calendar.




ORDERED that the order is affirmed, without costs.
This action to recover for personal injuries allegedly sustained in a motor vehicle accident was commenced in 2010 in Supreme Court, Queens County. It is undisputed that, after issue was joined, attorneys for the parties appeared at several conferences in 2011 and 2012 in Supreme Court before the matter was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d). Thereafter, defendants failed to appear in the Civil Court on October 15, 2012 and November 26, 2012, and at an inquest which was held on December 12, 2012. Following the inquest, the Civil Court awarded a judgment in favor of Joel Singh [FN1]
in the principal sum of $30,000 and a separate judgment in favor of Jean Sam in the principal sum of $15,000. The judgments were entered on April 10, 2013. 

Defendants moved to vacate the two default judgments, arguing that the case should be tried on the merits. Defense counsel asserted in his affirmation in support of the motion that his office had not received any correspondence from plaintiffs' attorneys regarding appearances in the Civil Court, and defense counsel asked the court "not to punish Defendants for the law office failures of their counsel." Defense counsel's calendar clerk stated in her affidavit that she had never received any correspondence from the Civil Court with respect to appearances. In opposition, plaintiffs' attorney attested in an affirmation that she was in court on October 15, 2012, but defense counsel was not, and, upon the recommendation of the Civil Court, she spoke with defense counsel's secretary by telephone concerning defendants' nonappearance. Plaintiffs' attorney further stated that a letter was sent notifying defense counsel in writing of the next scheduled appearance date of November 26, 2012. Plaintiffs' attorney further attested that, when defendants again failed to appear on November 26, 2012, she was directed by the Civil Court to notify defense counsel by letter of a scheduled inquest, which she stated was done by regular mail and facsimile. Plaintiffs annexed copies of both letters as exhibits to their opposition papers. By order entered June 26, 2013, the Civil Court denied defendants' motion to vacate the default judgments, noting that defendants had missed three appearances, including the inquest date, and finding that defendants had failed to refute plaintiffs' "contentions about their numerous attempts to notify Defendant[s]."

It is well settled that a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Upon a review of the record, we agree with the Civil Court's finding that defendants [*2]failed to substantiate their claims that they were unaware of the transfer of the case to the Civil Court and that they had not been notified of the subsequent appearances in the Civil Court. While defense counsel asserted, in the alternative, that the defaults should be vacated due to law office failure, on this record, it cannot be said that defendants' default was the result of an "isolated, inadvertent mistake" sufficient to excuse law office failure (Gluckhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [2012]); instead, the default resulted from mere neglect, which is not accepted as a reasonable excuse for defendants' default (see Strunk v Revenge Cab. Corp., 98 AD3d 1029 [2012]; State Farm Mut. Auto. Ins. Co. v Preferred Trucking Serv. Corp., 42 Misc 3d 88 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, it is unnecessary to determine whether defendants demonstrated a potentially meritorious defense to the action (see Herrera v MTA Bus Co., 100 AD3d 962 [2012]). We note that, contrary to defendants' contention, under the circumstances presented, the Civil Court had jurisdiction to enter the default judgments (cf. Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2015]).

Accordingly, the order is affirmed.

Weston, J.P., Solomon and Elliot, JJ., concur.

Decision Date: November 15, 2016



Footnotes

Footnote 1:Joel Singh died in 2014, subsequent to the entry of the judgment.