Healthworx Medical, P.C., as Assignee of Maria Perez, Respondent, 
against
Auto One Ins. Co., Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for appellant.
Law Office of Ilona Finkelshteyn, P.C., for respondent, (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine Levine, J.), entered May 14, 2015. The order denied defendant's motion to vacate a prior order of the same court entered January 27, 2014 granting, upon defendant's default in submitting written opposition, plaintiff's motion for summary judgment, and the judgment entered pursuant thereto on February 14, 2014 and, upon such vacatur, for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and, after one adjournment, the Civil Court, by order entered January 27, 2014, granted the motion without opposition from defendant. A judgment was entered pursuant to that order on February 14, 2014. Subsequently, defendant moved to vacate the judgment and order, contending, insofar as is relevant to the arguments raised by defendant on appeal, that it had a reasonable excuse for its default and a meritorious defense to the action (see CPLR 5015 [a] [1]), and, upon such vacatur, for summary judgment dismissing the complaint. By order dated May 14, 2015, the Civil Court denied defendant's motion, finding that defendant had not provided a reasonable excuse for its default.
The Civil Court did not improvidently exercise its discretion in denying defendant's motion. A claim of law office failure may be accepted as a reasonable excuse (see CPLR 2005) where the claim is supported by a "detailed and credible" explanation of the default (Henry v Kuveke, 9 AD3d 476, 479 [2004]; State Farm Mut. Auto. Ins. Co. v Preferred Trucking Serv. [*2]Corp., 42 Misc 3d 88, 90 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, none of defendant's attorney's allegations explain why defendant failed to timely submit written opposition to plaintiff's motion for summary judgment. Consequently, it is unnecessary to determine whether defendant demonstrated the existence of a potentially meritorious opposition to plaintiff's motion for summary judgment (see Herrera v MTA Bus Co., 100 AD3d 962 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789 [2011]).
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: April 28, 2017