Bayshore Chiropractic, P.C., as Assignee of Isabella Cifone, Respondent, 
against
Allstate Insurance Company, Appellant.




Peter C. Merani, P.C. (Eric Wharburg, Esq.), for appellant.
The Rybak Firm, PLLC (Damin J. Toell, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered July 16, 2015. The order denied defendant's motion to, among other things, vacate a default judgment entered March 12, 2014 pursuant to an order of the same court (Harriet L. Thompson, J.) dated February 13, 2014 granting plaintiff's unopposed motion for summary judgment.




ORDERED that the order entered July 16, 2015 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. By order dated February 13, 2014, the Civil Court (Harriet L. Thompson, J.) granted plaintiff's motion without opposition. A default judgment awarding plaintiff the principal sum of $9,500 was entered on March 12, 2014. Defendant moved, by order to show cause dated October 20, 2014, to, among other things, vacate the default judgment. Defendant appeals from an order of the Civil Court (Katherine A. Levine, J.) entered July 16, 2015, which denied defendant's motion.
To warrant the opening of its default in opposing plaintiff's motion for summary judgment, defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a]; Simpson v Tommy Hilfiger [*2]U.S.A., Inc., 48 AD3d 389 [2008]). While a claim of law office failure may be accepted as a reasonable excuse (see CPLR 2005), the claim must be supported by a "detailed and credible" explanation of the default (Henry v Kuveke, 9 AD3d 476, 479 [2004]; see State Farm Mut. Auto. Ins. Co. v Preferred Trucking Serv. Corp., 42 Misc 3d 88 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In this case, defendant's claim of law office failure during the transfer of the case file from defendant's prior counsel was insufficient to constitute a reasonable excuse for the default, as the explanation offered by defense counsel indicated that the default was the result of attorney neglect (see Morales v Perfect Dental, P.C., 73 AD3d 877 [2010]; State Farm Mut. Auto. Ins. Co., 42 Misc 3d at 90). Consequently, the Civil Court did not improvidently exercise its discretion in denying defendant's motion. In the absence of a reasonable excuse for the default, it is unnecessary to determine whether defendant demonstrated the existence of a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969 [2016]). 
Accordingly, the order entered July 16, 2015 is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 01, 2017