Hurgada Physical Therapist, P.C., as Assignee of Lazarre Jerome N., Appellant,
against
NY Central Mutual Fire Ins. Co., Respondent.




Gary Tsirelman, P.C. (Joseph Padrucco, Esq.), for appellant.
Lawrence N. Rogak, LLC (Lawrence N. Rogak, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Wavny Toussaint, J.), entered March 6, 2012. The order denied plaintiff's motion to vacate a prior order of the same court (Carolyn E. Wade, J.) entered May 2, 2011 granting, on default, defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order entered March 6, 2012 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court (Carolyn E. Wade, J.), by order entered May 2, 2011, granted, on default, defendant's motion for summary judgment dismissing the complaint, declining to consider plaintiff's late opposition to the motion. Plaintiff subsequently moved, pursuant to CPLR 5015 (a) (1), to vacate the order entered May 2, 2011. Plaintiff appeals from an order of the Civil Court (Wavny Toussaint, J.), entered March 6, 2012, which denied that motion.
In support of its motion, plaintiff was required to establish, among other things, a reasonable excuse for its default (see CPLR 5015 [a] [1]; Eugene Di Lorenzo Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). Here, plaintiff failed to demonstrate that it had a reasonable excuse for failing to timely submit written opposition to defendant's prior motion, as the excuse offered by plaintiff's attorney was, in effect, that her late submission "was the result of her heavy workload," which "amount[s] to nothing more than mere neglect, which is not accepted as an excusable default" (A.B. Med., PLLC v CNA Ins. Co., 46 Misc 3d 144[A], 2015 NY Slip Op 50199[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see Strunk v Revenge Cab Corp., 98 AD3d 1029 [2012]; State Farm Mut. Auto. Ins. Co. v Preferred Trucking Serv. Corp., 42 Misc 3d 88 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
In view of the lack of an excusable default, it is unnecessary to consider whether plaintiff sufficiently demonstrated the existence of a potentially meritorious opposition to defendant's motion for summary judgment (see Levi v Levi, 46 AD3d 519 [2007]).
Accordingly, the order entered March 6, 2012 is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017