Stanley Wallace, Appellant, 
against
PC Richard & Son Corporation, Respondent. 

Stanley Wallace, appellant pro se.
Cascone & Kluepfel, LLP (David F. Kluepfel of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fifth District (John Schettino, J.) entered January 3, 2019. The order granted defendant's motion to vacate a judgment of that court, entered July 3, 2018 upon defendant's failure to make payments to plaintiff pursuant to a stipulation of settlement, on the condition that, within 25 days of the date of service of the January 3, 2019 order, defendant tender $750 to plaintiff in accordance with the terms of the stipulation and, within 10 days thereafter, file an affidavit of compliance with the District Court.
ORDERED that the order is reversed, without costs, and defendant's motion to vacate the judgment entered July 3, 2018 is denied.
In this small claims action to recover the sum of $4,084, plaintiff pro se entered into a stipulation of settlement with defendant's attorney, pursuant to which defendant was to pay the sum of $750 to plaintiff on or before May 31, 2018. The stipulation provided that, in the event of a default, "for fifteen days," plaintiff was entitled to enter judgment for the full amount sued for, upon presentation of an affidavit setting forth the default. It is undisputed that defendant did not make the payment within the agreed-upon time, and a judgment in favor of plaintiff in the sum of $4,193.19 was entered in the District Court on July 3, 2018. Thereafter, defendant moved to vacate the judgment. Defendant's attorney stated in an affirmation in support of the motion that [*2]he had "failed to recognize" the stipulation's payment deadline, that he had "mistakenly believed that additional documents," such as a release and stipulation of discontinuance, were needed, and that, due to law office failure, his office had never sent those documents to defendant. In opposition, plaintiff argued that he was entitled to recover the full amount that he sued for because defendant had failed to comply with the stipulation. By order entered January 3, 2019, the District Court, finding that the explanation by defendant's attorney was a detailed and credible explanation of law office failure, granted defendant's motion on the condition that defendant issue payment to plaintiff in accordance with the stipulation within 25 days from the date of service by the court of the January 3, 2019 order and, within 10 days thereafter, file an affidavit of compliance with the District Court.
Although a court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a claim of law office failure should be supported by a "detailed and credible" explanation of the default at issue (Henry v Kuveke, 9 AD3d 476, 479 [2004]; see Byers v Winthrop Univ. Hosp., 100 AD3d 817 [2012]), and conclusory and unsubstantiated claims of law office failure are insufficient (see Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]). In the case at bar, the affirmation of defendant's attorney was insufficient to establish that defendant had a reasonable excuse for defaulting on the parties' stipulation of settlement, and the attorney's explanation to justify the default amounted to nothing more than mere neglect, which is not accepted as an excusable default (see Strunk v Revenge Cab Corp., 98 AD3d 1029 [2012]; State Farm Mut. Auto. Ins. Co. v Preferred Trucking Serv. Corp., 42 Misc 3d 88 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order is reversed and defendant's motion is denied.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 11, 2020