Art of Healing Medicine, P.C. v Global Liberty Ins. Co. of N.Y. (2020 NY Slip Op
51433(U))

[*1]

Art of Healing Medicine, P.C. v Global Liberty Ins. Co. of
N.Y.

2020 NY Slip Op 51433(U) [69 Misc 3d 148(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1291 K C

Art of Healing Medicine, P.C., as Assignee
of Sobir Uzakov, Respondent, 
against
Global Liberty Insurance Company of New York, Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel), for
appellant.
Petre and Zabokritsky, P.C. (Mark Petre and Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rachel E.
Freier, J.), entered July 9, 2019. The order denied defendant's motion to, among others things,
vacate a judgment of that court entered May 15, 2018 upon defendant's failure to appear or
answer the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court entered July 9, 2019 denying defendant's motion,
pursuant to CPLR 5015 (a) (1), to, among other things, vacate a judgment of that court entered
May 15, 2018 upon defendant's failure to appear or answer the complaint. The court found that
defendant had failed to establish a reasonable excuse for its default.
A defendant seeking to vacate a default judgment based on excusable default must
demonstrate both a reasonable excuse for the default and the existence of a potentially
meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v
A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, defendant admitted that the
summons and complaint were personally delivered to it on November 29, 2017 and that those
documents were scanned into defendant's computer database at that time. The sole explanation
defendant offers for failing to appear or answer the complaint is that "due to the high volume of
claims," defendant's claim adjuster did not review the summons and complaint for six months,
until notice of the default was received. Almost two additional months elapsed before defendant
moved to vacate the default judgment. Consequently, defendant failed to demonstrate a
reasonable excuse for its default (see Weitzenberg v Nassau County Dept. of Recreation
& Parks, 282 AD2d 741, 742-7[*2]43 [2001]) and,
therefore, it is not necessary to consider whether defendant offered a potentially meritorious
defense to the action (see Deutsch Bank Natl. Trust Co. v Pietranico, 102 AD3d 724
[2013]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020